KEESE *v.* HAMILTON COUNTY *et al.*

(*Knoxville*, September Term, 1946.)

Opinion filed November 30, 1946.

Shepherd & Tipton, of Chattanooga, for complainant.

T. S. Myers, of Chattanooga, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

The only question presented here is whether Bonny Oaks School is owned solely by Hamilton County. The suit involves the question of whether complainant, W. S. Keese, was an employee of Hamilton County within the meaning of the Retirement Pension Act established for employees of the county by Chapter 557 of the Private Acts of 1939, as amended by Chapter 491 of the Private Acts of 1941, by virtue of having been superintendent of Bonny Oaks School, an industrial or reform school for children located in Hamilton County, and organized and existing pursuant to the provisions of Chapter 60 of the Public Acts of 1895, as amended by Chapter 12, Section 1, Public Acts of 1935, Extra Session, and carried into Williams' Code as Sections 4585-4646.1.

The 1939 Act provides for pensions for all employees of the county in accordance with the conditions set forth therein. The county officials denied that Bonny Oaks School employees were covered by the Act, and this resulted in the passage of Chapter 491 of the Private Acts of 1941. Section 2 provides in part as follows:

"The Act shall apply to employees and officials of institutions solely owned by Hamilton County and operated through trustees, or other agencies appointed under the provisions of existing law, without regard to the fact that

any municipality in said County contributes to the improvement and operating expense of such institution."

The county's contention is that Bonny Oaks School is not owned solely by it.

All the facts were stipulated. In the stipulation of facts it appears that Bonny Oaks School was established by resolution of the county court of Hamilton County in 1896 in accordance with and pursuant to the provisions of Chapter 60 of the Public Acts of 1895. A site for the school was purchased two years after its establishment with money appropriated by the county court, and with the exception of the donation of a tract of land by an individual, all other real estate, buildings and improvements have been acquired or erected with funds advanced by the county through annual appropriations or bond issues. Annual appropriations for operating expenses are made by both Hamilton County and the City of Chattanooga—two thirds for the county and one third for the city.

The following are indications of ownership by the county of Bonny Oaks School: (1) The School was created by resolution of the county court in 1896; (2) ownership of the land and buildings by the county; (3) the trustees are required to make quarterly reports to the governing body of the establishing authority; (4) all expenses are to be paid by the county; (5) by provisions of Section 4646.1 of the Code the county in the case of the school in question can abolish it at will by resolution, and after passage of the resolution the board of trustees would cease to have any authority over the institution and its property would become a part of the general property of the county.

The county's contention that Bonny Oaks School is not owned solely by it is obviously based on two things: first,

that the property is held in the name of the trustees of the school, and second, that four of the five trustees of the school are appointed by the concurrent action of the judges of the circuit and chancery courts of Hamilton County, the judge of the county court of Hamilton County being *ex officio* the fifth member.

However, in *University of Tennessee* v. *Peoples Bank*, 157 Tenn. 87, 6 S. W. (2d) 328, it was held that money in an insolvent bank to the credit of the University of Tennessee was nevertheless the property of the State, and as such entitled to the State's priority in distribution of assets, and this despite the fact that the State operates the university through a board of trustees.

Also, in *Knoxville Housing Authority, Inc.,* v. *City of Knoxville,* 174 Tenn. 76, 123 S. W. (2d) 1085, it was held that the property owner by the Housing Authority was nonetheless property of the City of Knoxville, even though the city created the Housing Authority as a subsidiary corporation with directors and trustees to own and manage the Authority property. Mr. Chief Justice GREEN, speaking for the Court, said at pages 85 and 86 of 174 Tenn., at page 1088 of 123 S. W. (2d):

"It follows that while the Housing Authority is incorporated, it is still a mere agency or instrumentality of the city. The relation is altogether similar to the relation of the University of Tennessee to the State. The University is incorporated, but its board of trustees, apart from the Governor and certain State officers *ex officio* members, is appointed by the Governor subject to confirmation of the Senate. There are statutes of the State with reference to the control and management of the University. In considering the nature of property owned by the University, this court said:

" 'We are of the opinion that the State, and the public represented by it, must be considered as the owner of property held by the University, and that the sovereign character of the State's ownership is not changed by the creation of the corporation, as a convenient means through which the state exercises the strictly governmental function of educating the youth among its citizens.' *University of Tennessee* v. *Peoples Bank,* 157 Tenn. 87, 6 S. W. (2d) 328, 330.

"We, therefore, conclude that the property involved is still to be regarded as city property, although as a matter of convenience the title rests in this subsidiary corporation."

Evidently, the Bonny Oaks School has always been recognized as the property of the county.

In *McAndrews* v. *Hamilton County,* 105 Tenn. 399, 58 S. W. 483, the county was sued by one McAndrews for damages for personal injuries sustained when a mule owned by Bonny Oaks School and hitched to a buggy ran away at the sight of a railroad train and ran over McAndrews and broke his leg. The county demurred to the declaration on the ground that it was not liable for the negligence of its employee in the conduct of one of its public institutions, the alleged negligence of its employee being failure to securely tie the mule to the hitching post. That case was decided in 1900, and there seems never to have been any question as to the ownership of the school.

The very life of the school depends upon the will of the county government. The county government may refuse to make the necessary appropriations for the maintenance of a school and may at its pleasure abolish it.

We are, therefore, of opinion that Bonny Oaks School is owned by Hamilton County and is operated by the trustees for the benefit of the county, and the em-

ployees of said school are county employees and are entitled to participate in the benefits of Chapter 557 of the Private Acts of 1939, as amended by Chapter 491 of the Private Acts of 1941, and known as the Retirement Pension Act for the employees of Hamilton County.

The decree of the chancellor is affirmed.