**Linda ROLLINS, Plaintiff,**

v.

**WILSON COUNTY GOVERNMENT and Ron Gilbert in his official capacity as head of the Wilson County Finance Department, Defendants.**

**No. 3:95–0613.**

United States District Court, M.D. Tennessee, Nashville Division.

June 9, 1997.

George F. Lannom, Lebanon, TN, for Plaintiff.

David Randall Mantooth, Nashville, TN, Elizabeth M. Wilson, Nashville, TN, Michael Ray Jennings, Lebanon, TN, Lee A. Murray, Nashville, TN, James E. Moffitt, Franklin, TN, for Defendant.

### MEMORANDUM

NIXON, Chief Judge.

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 21). Upon review of the record, and for the reasons stated below, the Court grants the Motion and dismisses the above-captioned matter.

## I. BACKGROUND

According to the complaint, Plaintiff Linda Rollins is a resident of Wilson County, Tennessee. Rollins was an employee of the Wilson County Government's County Finance Department, where she worked under the direction of Ron Gilbert. Plaintiff contends that in that capacity she was eligible for coverage under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611. Wilson County Government, according to Plaintiff, is

an employer with at least 50 employees and is subject to the laws and regulations set by the FMLA in 1993. Gilbert, who is sued in his official capacity, is head of the Wilson County Finance Department where he was employed at the time of Plaintiff's termination.

While in the Department's employ, Plaintiff suffered a serious health condition as defined in 29 U.S.C. § 2611 and requested leave in compliance with the Act. Plaintiff contends that she requested leave from her employer in a manner sufficient to make Defendants aware that the employee needed leave pursuant to the FMLA. Plaintiff maintains that during her absence she continued to supply information concerning her ongoing serious health condition to her immediate supervisor, Ron Gilbert.

While hospitalized for the condition for which leave was requested, Plaintiff received notification from her supervisor that she had been terminated. Rollins alleges that this termination violated 29 U.S.C. § 2601 et seq. As a result, Plaintiff claims that she suffered lost wages, employee benefits, promotion opportunities, health benefits, increased insurance costs, and costs related to this litigation.

Defendants first, in their original Motion for Summary Judgment, argue that Plaintiff's claim should be dismissed as there is no genuine issue as to any material fact, since, in their view, Plaintiff was not an eligible employee under 29 U.S.C. § 2611. According to Defendants, Plaintiff is ineligible because she attempts to aggregate two periods of employment for two separate entities: the Wilson County Government and the Wilson County School System. Before working with the Wilson County Government, Plaintiff worked as a payroll clerk for the Wilson County School System from October 19, 1992 through June 30, 1993.

According to Defendant, the relevant facts are as follows: In July of 1993, Plaintiff began working for the Wilson County Finance Department as a payroll clerk. In October of 1993, Plaintiff was directed by her doctor to leave work and begin rest at home. Plaintiff delivered a statement to the Wilson County Finance Department Office indicating the need to begin bed rest, and one week later returned to the office and delivered another statement indicating that she needed to remain on sick leave. Subsequently, Plaintiff was admitted to Carthage General Hospital for treatment of high blood pressure. Plaintiff's mother called the Finance Department to inform them of Plaintiff's hospitalization. While in hospital, Plaintiff received a letter, dated November 2, 1993, from Wilson County Finance Department, terminating her employment effective 5 p.m. on November 2, 1993.

Defendant contends that under the FMLA, an eligible employee "shall be entitled to a total of 12 workweeks of leave during any 12 month period ... because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The Act defines "eligible employee" to mean an employee who has been employed:

(i) for at least 12 months by the employer with respect to whom leave is requested under Section 2612 of this title; and

(ii) for at least 1,250 hours of service with such employer during the previous 12–month period. 29 U.S.C. § 2611(2)(A).

Defendants argue that Plaintiff incorrectly states that she worked in excess of twelve months of employment, due to her combined time of service with the Finance Department of Wilson County and the School System. According to Defendants, under Tennessee law, the county government and the county school system are two distinct entities, as shown by their creation, function, and administration.

In support of this argument, Defendants contend that (1) the Wilson County Government and the Wilson County School System were created by two different acts of the State of Tennessee and are distinct governmental entities; that (2) Wilson County and the Wilson County School System perform different governmental functions; and that (3) Wilson County and the Wilson County School System are separately administered. They cite caselaw in support of the former two propositions, and in support of the latter they offer affidavit testimony describing the accounting, payroll, management, policy, pro-

cedures, property ownership, and decision making of the two purportedly separate entities.

In response, Plaintiff argues that 29 U.S.C. § 2654, titled "Regulations" states, "The Secretary of Labor shall prescribe such regulations as are necessary to carry out subchapter I of this chapter and this subchapter not later than 120 days after February 5, 1993." The Rules of Decision Act provides that the laws of the several states shall be applied except where the Federal constitution or federal treaties or statutes otherwise require or provide the rules of decision in civil actions in federal courts. 28 U.S.C. § 1652.

Plaintiff continues that according to the FMLA the regulation and enforcement of the FMLA is to be accomplished by the promulgation of rules proscribed by the Secretary of Labor. 29 U.S.C. § 2654. The statute, according to Plaintiff, provides that the rules of the Secretary of Labor are to be the rules of decision in an action based upon the Act. *See* 29 C.F.R. § 825.100 et. seq. The Code of Federal Regulations have the force of law, and all persons affected thereby are charged with legal notice of their provisions. *See Moody v. United States,* 774 F.2d 150, 156 (6th Cir.1985), *cert denied* 479 U.S. 814, 107 S.Ct. 65, 93 L.Ed.2d 24 (1986); *Adamsville Lumber Co. Inc. v. Rainey,* 348 F.Supp. 373, 376 (W.D.Tenn.1972).

According to Plaintiff, to determine if the Wilson County School System and Wilson County are different governmental entities, one must refer to 29 C.F.R. § 825.108(c)(1) which states that:

A state or a political subdivision of a State constitutes a single public agency and, therefore, a single employer for purposes of determining employee eligibility. For example, a State is a single employer; a county is a single employer; a city or town is a single employer. Where there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census, "Census of Governments" will be determinative.

This provision, argues Plaintiff, provides the final authority for determining if these governmental entities are the same entity.

The Census of Governments on page A–228 Appendix A sets forth the information concerning the State of Tennessee. Under the heading "Dependent Public School System" the Census states:

Each of the 93 county school systems is administered by a county board of education. Under general law in effect as of January 1992, the county board of education is appointed, but special legislation permits the election of board members in nearly half the counties. Since the fiscal requirements of the county school systems are reviewed and provided for by the county legislative body, county school systems are not counted as separate governments.

On the basis of the above, Plaintiff maintains that it is unquestionable that for the purposes of the FMLA, Wilson County Government, and the Wilson County School System are one in the same.

Plaintiff argues that state law is not determinative on this issue, since this is an action based on a Federal Statute. The statute and the proscribed regulations, according to Plaintiff, provide the necessary remedy. Since the Wilson County Government and the Wilson County School System are one in the same, the period worked at each are counted as one.

Plaintiff also contends that Defendants are barred from contesting whether she is an eligible employee, based on 29 C.F.R. § 825.110(d) which states in the last full sentence:

Where the employee does not give notice of the need for leave more than two business days prior to commencing leave, the employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice.

Rollins argues that once she commenced leave and gave notice, her employer never advised her that she was not eligible under the act.

Defendants respond to Plaintiff's citation of 29 C.F.R. § 825.108(c)(1) by arguing that the law in Tennessee is clear that county

governments in this state are separate governmental entities from the school system, which are considered arms or agencies of the state of Tennessee itself. As further proof, Defendants submit the affidavit of Wilson County School Superintendent James Francis, who states that the School Superintendent and School Board are elected officials serving four year terms, serving the Wilson County School System, not the Wilson County Government. They argue that except for the funding of salaries and other related expenditures, there is no overlap between the county and schools.

Defendants note that 29 C.F.R. § 825.108(c)(1), as cited by Plaintiff, is only applicable "Where there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency." Since, according to Defendants, there is no question under Tennessee law about the separate nature of the school systems from the local county government, there is no need to refer to the U.S. Bureau of Census, "Census of Governments." Since Plaintiff worked for two government agencies which are legally distinct under Tennessee law, the application of or reference to the U.S. Bureau of Census, "Census of Governments," would impose an unnecessary and artificial interpretation upon Tennessee law.

Additionally, Defendants contend that Plaintiff was incorrect in stating in her deposition that she began working for the Wilson County School System in June of 1992. Defendants state that they can demonstrate that Plaintiff's starting date for employment with the school system was October 19, 1992. Even assuming, *arguendo*, that Plaintiff's tenure with the Wilson County School System and the Wilson County Government is determined by this Court to be with the *same* employer for purposes of the FMLA, the Plaintiff, according to Defendants, would still not have been employed for a period of 12 months at the time of taking her leave on October 6, 1993. The Plaintiff would be thirteen days short of the employment requirement of the Act and would therefore not be entitled to leave under the FMLA.

Finally, Defendants contest whether the FMLA provision based on C.F.R. § 825.110(d) is applicable in this context. The provision, as noted above, states that:

Where the employee does not give notice of the need for leave more than two business days prior to commencing leave, the employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice.

However, Defendants argue that reliance upon this provision is based upon Plaintiff's assumption that the Defendant characterized and granted Plaintiff leave under the FMLA. However, Defendants, as illustrated by an Affidavit of Ron Gilbert, maintain that the medical leave taken by Plaintiff was only accrued general medical leave by virtue of her employment with the Wilson County Government. It was never specifically designated FMLA leave by the Wilson County Government. Thus, according to Defendants, the promissory estoppel provision at C.F.R. § 825.110(d) is inapplicable and should not be a basis for plaintiff's retroactive creation of rights to which she is not entitled.

## II. DISCUSSION:

### A. Standard of Review:

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ascertaining whether summary judgment is proper, the Court views the facts and any reasonable inferences drawn from those facts in a light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). However, on its own, the existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (internal citations omitted). In order to survive a motion

for summary judgment, the Plaintiff must produce more than a scintilla of evidence. The Supreme Court, in *Anderson v. Liberty Lobby* stated that "[t]the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 248, 252, 106 S.Ct. at 2510, 2512; *see also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989), *reh'g denied* 1990.

In construing the evidence in its most favorable light in favor of Plaintiff and against Defendant BP, as required under *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962), the Court finds that there are no genuine issues of material fact with regards to the availability of damages to Plaintiff under the Family and Medical Leave Act.

### B. The Family Medical Leave Act:

■ The Family Medical Leave Act (FMLA) provides that, under certain circumstances, an employer must allow an eligible employee to take up to twelve work weeks of leave during any twelve-month period because of a serious health condition that prevents the employee from performing the functions of her position. 29 U.S.C. § 2612(a)(1)(D). A covered employer cannot "interfere with, restrain, or deny the exercise of or attempt to exercise any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). An eligible employee is one who has worked for a covered employer for at least twelve months, has worked at least 1,250 hours during the previous twelve months, and has been employed at a worksite where there are at least fifty or more employees within a seventy-five mile radius. 29 U.S.C. § 2611(2)(A); 29 U.S.C. § 2611(2)(B)(ii). An employee must satisfy each of these criteria independently to be eligible for FMLA leave. 29 C.F.R. § 825.110. Thus, an employee who has been employed for less than twelve months is not entitled to the protections of the FMLA and may not maintain an action under the Act. *Id.* In the case at bar, there are two grounds upon which Defendants contest Plaintiffs entitlement to coverage under the Act.

### 1. Was Plaintiff employed for the twelve months required under the Act?

■ Defendants argue that even if Plaintiff's employment with both the Wilson County School System and the Wilson County Government are aggregated, Plaintiff still falls short of the twelve months of employment required by the FMLA. *See* 29 C.F.R. § 825.110(a)(1).

The FMLA states the following regarding the calculation of the twelve month period for purposes of an employee's coverage under the Act:

(b) The 12 months an employee must have been employed by the employer need not be consecutive months. If an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g. workers' compensation, group health plan benefits, etc.), the week counts as a week of employment....

Further, on the issue of an employee's notice to an employer regarding leave under the FMLA, 29 C.F.R. § 825.208(a)(2) states that "[A]n employee giving notice of the need for unpaid FMLA leave does not need to expressly assert rights under the Act or even mention the FMLA to meet [her] obligation to provide notice, though [she] would need to state a qualifying reason for the needed leave." *See also, e.g. Manuel v. Westlake Polymers Corp.,* 66 F.3d 758, 762 (5th Cir. 1995); *Viereck v. City of Gloucester City et al.,* 961 F.Supp. 703, 707 (D.N.J.1997).

In the case at bar, if Plaintiff's employment with the Wilson County School System and the Wilson County Government are aggregated, Plaintiff began work with the Wilson County School System on October 19 of 1992, and would have become eligible for coverage under the Act one year later on October 19 of 1993. On October 6th of 1993, Plaintiff made her first request for leave. As indicated by the attachments to Plaintiff's Supplemental Response to Defendant's Amended Motion for Summary Judgment, Plaintiff's physician submitted four requests for one week's leave, dated October 6, 1993, October 14, 1993, October 20, 1993 and Octo-

ber 27, 1993. Plaintiff was terminated by letter on November 2, 1993. According to an Affidavit submitted by Plaintiff's former supervisor, Ron Gilbert, the four weeks leave taken by Plaintiff were "customary medical leave which [Plaintiff] simply had accrued as an employee of the Wilson County Finance Department."

■ Thus, under the terms of the FMLA, since the Wilson County Government treated Plaintiff's four weeks of leave as "customary medical leave" and since Plaintiff continued to remain on the payroll and received employment benefits throughout the period, the four weeks of Plaintiff's leave may be counted towards her time of employment with the Defendant for purposes of the FMLA. Thus, accepting for the moment that Plaintiff's positions with the School System and County Government may be aggregated, at the time of her termination, Plaintiff would have been eligible for leave under the FMLA since she would have met the criteria outlined under the Act with regards to both her 1,250 hours of service and her twelve months as an employee. Since the notice requirements of the FMLA require only that Plaintiff notify her employer of a qualifying reason for requesting leave, at the time of her termination, having utilized her accrued customary medical leave, Plaintiff would have been eligible for additional unpaid leave under the FMLA, provided her time with the School System and the County Government could be aggregated.

**2. Can Plaintiff's employment for the Wilson County Board of Education and the Wilson County Government be deemed employment for the same governmental entity?**

■ However, despite our finding above, Plaintiff's claim must nonetheless fail, since this Court finds that, in Tennessee, a county board of education is a separate and distinct governmental entity from that county's county government. This assertion is borne out by an examination of the creation of the two entities by differing acts of the State of Tennessee, by the differing governmental functions performed by the two entities, and by the separate administration of the two entities. Additionally, state caselaw supports this conclusion.

As noted by Defendants, public school systems within the state of Tennessee were established by the Constitution of the State of Tennessee. *See* Art. 11, § 12, Tenn. Const. Although counties were also established as arms of state government, counties were statutorily created by the state legislature, rather than by the state constitution. *State v. Stine*, 200 Tenn. 561, 292 S.W.2d 771, 772 (1956); *Bayless v. Knox County*, 199 Tenn. 268, 286 S.W.2d 579, 587 (1955).

■ Additionally, Tennessee Courts have noted that counties and school systems perform separate functions. Public education is, at core, a state rather than a county or municipal function, and the general education statutes set forth a uniform statewide system of public education. *See City of Harriman v. Roane County*, 553 S.W.2d 904, 908 (Tenn.1977). The case of *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 222 (Tenn.1988) indicates that even though there are budgetary laws that involve county government officials, "education is fundamentally a State concern." The County Financial Management System of 1981 also shows a "deference to the State's supervisor authority over education" by allowing the state commissioner of education to remove the education department of the county from the system. (T.C.A. § 5–21–124). The fact that there are financial connections between a local school system and local government does not detract from the essentially separate functions of these two entities. *See Keese v. Hamilton County*, 184 Tenn. 171, 197 S.W.2d 800, 802 (1946) (noting that "the very life of a school depends on the will of the county government," which may "refuse to make the necessary appropriations for the maintenance of a school and may at its pleasure abolish it.")

■ A county is a corporation run by its local officials. *See, e.g. State v. Read*, 152 Tenn. 442, 446–47, 278 S.W. 71 (Tenn.1925). The schools of a county, on the other hand, are operated and maintained through the agency of the county board of education and a superintendent. *Reed v. Rhea County*, 189 Tenn. 247, 225 S.W.2d 49, 50 (1949). The

school board and superintendent are not employees of the county government, but rather perform separate and distinct functions. Affidavit of James L. Francis. *See also, State ex rel, Boles v. Groce,* 152 Tenn. 566, 280 S.W. 27, 28 (1926) (discussing the separation of powers between a county school board and county government officials); *Morgan County Bd. of Commissioners, et al. v. Morgan County Bd. of Ed.,* 1994 WL 111457, \*3–\*4 (Tenn.App.1994) (describing county school board and county commission as two separate entities with separate powers).

In support of the contention that the School System of Wilson County and the County's government are separately administered, Defendant offers affidavit evidence that indicates that the two entities have separate accounting books and methods, separate payrolls, separate management with related policies and procedures, separate insurance policies, separate workers' compensation policies, own separate real property, and are controlled by a separate group of government officials. (*See* Affidavit of Mike Jennings, Attorney for Wilson County, Tennessee). As noted above, the only connection between the Wilson County School System and Wilson County Government is the allocation of county funds for the operation of the schools.

Looking at the evidence related to Plaintiff's employment situation, the Court notes that upon moving from the School System to the Wilson County Finance Department in July of 1993, Plaintiff was required to fill out a new insurance enrollment form, a new W–4 Federal Withholding Form, and a new employment eligibility verification form. Plaintiff's working hours and pay changed as a result of the fact that the School System employees worked a 35 hour work week, while the Wilson County Finance Department worked a 40 hour work week. Additionally, while Plaintiff worked for the School System, she received a check issued by the Wilson County Board of Education, whereas her paycheck during her period with the Wilson County Finance Department was generated by the Wilson County Government.

Plaintiff responds that according to the FMLA, the regulation and enforcement of the Act is to be accomplished by looking to the rules promulgated by the Secretary of Labor. *Citing* 29 U.S.C.A. § 2654. She maintains that the statute provides that the rules of the Secretary of Labor are to be the rules of decision in an action based on the FMLA. *See* Rules at 29 C.F.R. § 825.100 et seq. Thus, according to Plaintiff, to determine if the Wilson County School System and Wilson County are different governmental entities, one must refer to 29 C.F.R. § 825.108(c)(1), which states:

> A state or a political subdivision of a State constitutes a single public agency and, therefore, a single employer for purposes of determining employee eligibility. For example, a State is a single employer; a county is a single employer; a city or town is a single employer. **Where there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census, "Census of Governments" will be determinative.** (Plaintiff's emphasis added).

The Court does not quarrel with Plaintiff's analysis as outlined above. However, the Court does part ways with Plaintiff in evaluating whether there is a question about whether the Wilson County School System is a public agency, as distinguished from a part of the Wilson County Government. This Court finds that the differences in creation, function, and administration between the two entities render them unquestionably separate. This distinction, as shown above, is supported by case law on the subject. Since the Court finds that there is no question as to the distinction, it does not find it necessary to look to the Census of Governments to determine this issue.

Thus, the Court finds that Plaintiff's periods of employment working for the Wilson County School System and the Wilson County Government cannot be aggregated for purposes of determining her eligibility for coverage under the FMLA. Since Plaintiff only worked for Defendant Wilson County Government for a period of less than four months prior to her termination, the Court

finds that Defendant Wilson County Government is entitled to a Summary Judgment verdict in this action.

Finally, the Court will not accept Plaintiff's estoppel argument, which is based on current FMLA regulations at 29 C.F.R. § 825.110(d). The current FMLA include revisions which took place in 1995 and the estoppel provision cited by Plaintiff was not a part of the regulation as of 1993, the time at which Plaintiff's claims accrued. The Court thus declines to apply the more recent version of the statute retroactively, since there is no express direction that Congress intended that such retroactive application should take place. *See Robbins v. Bureau of Nat. Affairs, Inc.,* 896 F.Supp. 18, 21 (D.D.C.1995).

### III. CONCLUSION

For the foregoing reasons, the Court hereby grants Defendant's Motion for Summary Judgment and dismisses the above-captioned matter. An Order consistent with the reasoning set forth above is filed contemporaneously.