**Linda ROLLINS, Plaintiff–Appellant,**

v.

**WILSON COUNTY GOVERNMENT; Ron Gilbert, in his official capacity as Head of the Wilson County Finance Department, Defendants–Appellees.**

No. 97–5837.

United States Court of Appeals, Sixth Circuit.

Argued· Aug. 4, 1998.

Decided Sept. 9, 1998.

 

Frank Lannom (briefed), B. Keith Williams (argued and briefed), Taylor, Taylor, Lannom & Williams, Lebanon, TN, for Plaintiff–Appellant.

George H. Rieger, II, (argued and briefed), David Randall Mantooth (briefed), Leitner, Williams, Dooley & Napolitan, Nashville, TN, for Defendants–Appellees.

Before: KRUPANSKY, NORRIS, and SILER, Circuit Judges.

## OPINION

SILER, Circuit Judge.

This case involves labor regulations interpreting the Family and Medical Leave Act ("FMLA"). Linda Rollins, the plaintiff, worked for the Wilson County School System for over eight months and Wilson County Government's Finance Department for roughly four months. Rollins then became ill and lost her job. She sued the county government, the defendant, for relief under the FMLA. To succeed, she had to establish that she had worked for the same employer for at least one year. The district court granted summary judgment for the county on the ground that the school system and the county government were separate employers. We AFFIRM.

### Background

In Tennessee, the school systems operate separately from the county governments. *See Rollins v. Wilson County Gov't*, 967 F.Supp. 990, 996–97 (M.D.Tenn.1997) (tracing differences). The two entities have separate origins, functions, and management. The school systems arose from the Tennessee Constitution, whereas the counties derive from state statutes. The school systems follow uniform education standards, whereas the counties have no such state mandate. While the county governments approve the school systems' funding, different officials administer each entity. A county school board and superintendent manage the school system without input from other county officials. The school systems' officials are elected separately.

Rollins's own history illustrates the divide. She worked for both entities as a payroll clerk, but each job entailed different working hours and pay. She had a different supervisor and a different office. The Wilson County School System issued one set of paychecks, whereas the Wilson County Government issued her later paychecks. While she never interviewed for the job change, rolls of red tape commemorated the switch. She had to fill out new insurance forms, tax forms, and employment eligibility forms upon changing jobs.

Rollins worked for the school system for slightly over eight months, from October 1992 to June 1993. She began working for the county government's finance department in July 1993. In October 1993, she requested and received four weeks of medical leave. During these weeks, Rollins remained on the payroll and received employment benefits. The finance department discharged her in November. Therefore, Rollins stayed on the finance department's payroll for slightly over four months.

After her discharge, Rollins sought relief under the FMLA, 29 U.S.C. § 2601 et seq. The district court granted summary judgment to the county. *Rollins v. Wilson County Gov't*, 967 F.Supp. 990 (M.D.Tenn.1997). It held that Rollins was not an "eligible employee" within the meaning of § 2611(2)(A) because she had not worked for twelve months for the same employer. Relying on Tennessee law, the court found that the school system and county government were separate employers. It also found, however, that the school system and the finance department had "employed" Rollins for over twelve months total.

## Standard of Review

■ We review a grant of summary judgment *de novo*. *Citizens for Legislative Choice v. Miller*, 144 F.3d 916, 920 (6th Cir. 1998). We view the evidence in the light most favorable to the party opposing summary judgment, and affirm only if the submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

## Discussion

The FMLA entitles employees to twelve weeks of leave in certain circumstances. 29 U.S.C. § 2612(a)(1)(D). To become eligible for these benefits, an employee must meet certain criteria:

The term "eligible employee" means an employee who has been employed-

(i) for at least 12 months by the employer with respect to whom leave is requested . . .; and

(ii) for at least 1,250 hours of service with such employer during the previous 12–month period.

*Id.* at § 2611(2)(A). "Employer" includes state and county governments. *Id.* at § 2611(4).

Rollins satisfies the first criterion for FMLA benefits, at least to the extent that she was employed for at least twelve months if her employment with the school system and the finance department are combined. The FMLA includes periods of unpaid leave in calculating the length of employment. 29 C.F.R. § 825.110(b). *Cf. Robbins v. Bureau of National Affairs, Inc.*, 896 F.Supp. 18, 21 (D.D.C.1995) (excluding unpaid leave in calculating the "hours of service" requirement). During Rollins's four weeks of medical leave, she remained on the payroll and received employment benefits. These weeks extended her total period of employment beyond twelve months, and the county concedes that Rollins worked the requisite number of hours.

■ This case turns on whether the Wilson County School System and Wilson County Government's Finance Department are a single employer. An employee can receive FMLA benefits only after working for an employer for at least one year. 29 U.S.C. § 2611(2)(A). If the school system and the finance department are one employer, Rollins became eligible for FMLA benefits because she can combine her periods of employment. On the other hand, if these entities are separate employers, Rollins never became eligible because each entity employed her for less than a year.

■ Labor regulations create a default rule for determining the status of local governmental entities. 29 C.F.R. § 825.108(c)(1). *See also* 28 U.S.C. § 1652 (Rules of Decision Act); *Moody v. United States*, 774 F.2d 150, 156 (6th Cir.1985) (regulations have legal force). The regulations refer the issue to the Census of Governments when the entities' status is unclear:

A State or a political subdivision of a State constitutes a single public agency and, therefore, a single employer for purposes of determining employee eligibility. For example, a State is a single employer; a county is a single employer; a city or town is a single employer. *Where there is any question* about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census' "Census of Governments" will be determinative, except for new entities formed since the most recent publication of the "Census." For new entities, the criteria used by the Bureau of Census will be used to determine whether an entity is a public agency or a part of another agency, including existence as an organized entity, governmental character, and substantial autonomy of the entity.

29 C.F.R. § 825.108(c)(1) (emphasis added). The applicable Census of Governments, in turn, concludes that county school systems and county governments are the same employer:

Each of the 93 county school systems [in Tennessee] is administered by a county board of education.... Since the fiscal requirements of the county school systems are reviewed and provided for by the county legislative body, county school systems are not counted as separate governments.

Census of Governments, Appendix A at A–228. Therefore, under the Census, the Wilson County School System and Wilson County Government's Finance Department are the same employer for FMLA purposes.

Under § 825.108(c)(1), however, a court should examine state law before referring to the Census. A court should decide the status of the governmental entities based on state law if state law definitively resolves the issue. The regulation invites an initial, independent inquiry. It instructs courts to evaluate the entities' status as separate employ-ers, determine if there is any question, and then look to the Census only if necessary. Moreover, the word "question" in the phrase "[w]here there is any question" necessarily refers to a broader legal and factual context; a disputable "question" could never exist if the Census controlled whenever the issue arose. Indeed, the word "determinative" in the phrase the " 'Census of Governments' will be determinative" portrays the Census as a final arbiter, not an exclusive authority.

Rollins, on the other hand, argues that the Census should control irrespective of state law. She focuses on the word "any" in the phrase "[w]here there is any question." Thus, under Rollins's view, the Census should control the entities' status whenever the issue arises, even if state law undisputably gives a different answer. Certainly, Rollins's construction is both possible and plausible. A court could focus on "any." Nevertheless, a broader view of the regulation's creation undermines her view. If the regulation's drafters wanted the Census to represent the final and sole authority, they could have written the regulation much more explicitly. For example, the regulation could have read, cleanly, that "the Census of Governments determines whether a public entity is a public agency, as distinguished from a part of another public agency."

■ Furthermore, principles of statutory construction prescribe deference to state law. Where possible, a court should try to reconcile federal law and state law. *Don't Tear It Down, Inc. v. Pennsylvania Ave. Dev. Corp.*, 642 F.2d 527, 533–34 (D.C.Cir. 1980). While federal law of course trumps state law, a court should read ambiguous clauses as favoring states' authority. *United States v. Bass*, 404 U.S. 336, 349, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) ("unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance"), *cited with approval in United States v. Lopez*, 514 U.S. 549, 561–62, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). *See also Torcasio v. Murray*, 57 F.3d 1340, 1344 (4th Cir.1995) (same). In other contexts, federalism concerns permeate issues involving the structure of state governments. *Gregory v. Ashcroft*, 501 U.S. 452, 460, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991) (state defines itself as a sovereign through govern-

mental structure); *Citizens for Legislative Choice v. Miller,* 144 F.3d 916, 924–25 (6th Cir.1998) (courts should defer to states' choices on how to structure government). Therefore, we read this admittedly ambiguous regulation as deferring to state law.

Here, Tennessee law definitively resolves the status of the Wilson County School System and Wilson County Government's Finance Department. Under Tennessee law, the school systems are separate from the county governments. The two entities have separate origins, functions, and management. *E.g., State ex rel. Weaver v. Ayers,* 756 S.W.2d 217, 221–22 (Tenn.1988) (noting that the county government controls funding, but that "the local board of education has exclusive control over many operational aspects of education policy"); *City of Harriman v. Roane County,* 553 S.W.2d 904, 908 (Tenn. 1977) ("public education is essentially a state, rather than a county or municipal, function"). *See also Rollins v. Wilson County Gov't,* 967 F.Supp. 990, 996–97 (M.D.Tenn.1997) (tracing differences). *Cf. Reed v. Rhea County,* 189 Tenn. 247, 225 S.W.2d 49, 50 (1949) (for purposes of immunity, board of education performs governmental functions). Because Rollins worked for each entity for less than a year, she is not an eligible employee within the meaning of the FMLA.

AFFIRMED.