CRAWLEY, Judge.
In January 1998, Sarah Locklin sued Headstart Family Hair Care Salons, Inc., Response Marketing, Inc., Gary Blake, and Janice Blake (collectively “Head-start”), alleging violations of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (the “FMLA”), and stating various tort claims arising from the alleged violations of the FMLA. The trial court eventually entered a summary judgment for Headstart on all the claims. Locklin appeals.
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule in the summary-judgment context.
We conclude that the FMLA does not apply to Locklin. The statute provides:
“The term ‘eligible employee’ means an employee who has been employed'—
“(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
“(ii) for at least 1,250 hours of service with such employer during the previous 12 month period.”
29 U.S.C. § 2611(2)(A).
Headstart contends that Locklin had not been employed for 1,250 hours of service during the 12 months preceding her request for leave from work. Locklin worked for Headstart from May to August 1997, working a total of 359.25 hours during that period. Locklin also worked for Headstart from September 1995 to February 1996, working a total of 775.5 hours during that period. Those two periods of employment total 1134.75 hours. Head-start is a subsidiary of Response Marketing, Inc. Locklin worked for Response in 1994, and she argues that if the hours she worked for Response are added to the hours she worked for Headstart, then she has met the 1,250-hour requirement of the FMLA.
Locklin argues that 29 C.F.R. § 825.110(b) supports her argument. That section states:
“The 12 months an employee must have been employed by the employer need not be consecutive months.”
Headstart acknowledges that Locklin has worked for it on two separate occasions, but argues that Locklin cannot count for FMLA purposes the hours she worked for Response in 1994 — -that it and Response are not the same “employer” for purposes of determining FMLA eligibility. We agree.
The United States Court of Appeals for the Sixth Circuit has held that a county school system and a county finance department are separate employers for purposes of determining FMLA eligibility and that the employee cannot combine the hours worked for the separate employers to meet *476 the FMLA eligibility requirement. Rollins v. Wilson County Government, 154 F.3d 626 (6th Cir.1998). The Rollins court concluded that the two entities had “separate origins, functions, and management.” Id. at 630. Headstart made a prima’ facie showing that it and Response have distinct functions and management. Locklin did not present substantial evidence to the contrary.
We adopt the reasoning of Rollins and conclude that Headstart and Response are two distinct employers and that Locklin cannot combine the hours she worked for those separate employers in order to achieve FMLA eligibility. Because Lock-lin has not worked 1,250 hours for Head-start, she does not have FMLA eligibility. The trial court properly entered the summary judgment for Headstart.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.