**Robert RUDER, Plaintiff**

v.

**MAINEGENERAL MEDICAL CENTER, Defendant**

**No. 01–CV–220–B–S.**

United States District Court, D. Maine.

May 10, 2002.

Sumner H. Lipman, Tracie L. Adamson, Esq., Lipman & Katz P.A., Augusta, ME, for Plaintiff.

Margaret C. Lepage, Pierce, Atwood, Portland, ME, for Defendant.

## ORDER

SINGAL, District Judge.

A former hospital employee complains that the hospital violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., by refusing to reinstate him after he took leave to receive treatment for a serious medical condition. Presently before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (Docket # 2). For the following reasons, the Court DENIES Defendant's Motion.

## I. LEGAL STANDARD

In deciding a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must accept the allegations in the Complaint and indulge all reasonable inferences in Plaintiff's favor.[1] *Nethersole v. Bulger*, 287 F.3d 15 (1st Cir.2002) (pagination unavailable). It may only dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief under any viable legal theory. *Id.; see* Fed.R.Civ.P. 12(b)(6).

The Federal Rules of Civil Procedure require only that the Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting Fed.R.Civ.P. 8(a)(2)). Courts should assess the Complaint according to two touchstone inquiries: First, can Plaintiff prove any set of facts, consis-

tent with the allegations in the Complaint, that would entitle him to relief? *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Second, are the allegations in the Complaint adequate to give Defendant "fair notice of what the [P]laintiff's claim is and the grounds upon which it rests?" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). If the answer to either question is "no," then the Court may dismiss the Complaint for failure to state a claim.

## II. BACKGROUND

Plaintiff Robert Ruder began working for Defendant MaineGeneral Medical Center ("MaineGeneral") on January 17, 2000, as the practice manager responsible for offices in Augusta and Waterville, Maine. Ruder left work for what he contends were qualifying medical reasons on or about January 5, 2001.[2] At that time, Ruder had at least two weeks of unused accumulated vacation time.

MaineGeneral denied Ruder's request for leave under the Family and Medical Leave Act but permitted him to take a medical leave of absence through April 1, 2001. Although Ruder reported to work when his approved medical leave ended, MaineGeneral terminated his employment. MaineGeneral subsequently divided his former position into two: one to manage the Augusta office and the other to manage the Waterville office. Each position had job duties equivalent to those Ruder performed before his leave. After requiring Ruder to reapply and be interviewed

---

1. Defendant appended several documents to its Motion to Dismiss. At oral argument, however, Defendant agreed that, because of the way the parties had developed the issues, these additional documents are now unnecessary for the Court's determination of this Motion. The Court accordingly declines to con-

sider the additional documents. *See* Fed.R.Civ.P. 12(b) (prohibiting courts from considering matters outside the pleadings on a motion to dismiss).

2. The Complaint does not specify the nature of his medical difficulties.

for one of the new positions, MaineGeneral declined to rehire him.

On November 2, 2001, Ruder filed this action alleging that MaineGeneral had violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (FMLA), by denying his request for FMLA leave, failing to reinstate him upon his return and terminating his employment.

## III. DISCUSSION

The FMLA requires employers to grant "eligible" employees up to twelve weeks of leave within a twelve-month period for certain serious medical conditions. 29 U.S.C. § 2612(a)(1). During that time, employees retain their employment benefits, including health care. 29 U.S.C. § 2614(a)(2), (c)(1). Moreover, employees returning from FMLA leave are entitled to reinstatement at their former position or its equivalent. 29 U.S.C. § 2614(a)(1). Plaintiff claims that because he was absent for twelve or fewer weeks for a qualifying medical reason, Defendant's failure to reinstate him at the end of that absence violated the FMLA.

Defendant moves to dismiss on only one ground: that Plaintiff was not an "eligible" employee when he took his leave and thus does not merit the protections of the FMLA. In order to receive the statute's protections, an employee must meet two threshold requirements: (1) he must have worked for the employer for a minimum of twelve months; and (2) he must have worked at least 1250 hours in the preceding twelve months. 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a). Defendant argues that because Plaintiff began working for Defendant on January 17, 2000, he had not yet met the first eligibility requirement when he left work fifty-one weeks later on January 5, 2001.[3]

Defendant relies primarily on authority establishing that the determination of whether an employee is eligible for the protections of the FMLA must be made "as of the date leave commences." 29 C.F.R. § 825.110(d); *see, e.g., Butler v. Owens–Brockway Plastic Prods.*, 199 F.3d 314, 316 (6th Cir.1999). From this starting point, however, the analysis rapidly derails, because the authorities are silent as to the crucial follow-up question: when was Plaintiff's "leave" deemed to have "commenced" for purposes of the FMLA? Thus, it is more useful to tailor the analysis closely to the facts of this case and simply inquire whether the FMLA permits Plaintiff to use his accrued vacation time to achieve one year of employment and become eligible for the statute's protections.

Plaintiff insists that it does, citing 29 C.F.R. § 825.110(b), which provides,

> The 12 months an employee must have been employed by the employer need not be consecutive months. If an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.

Thus, according to this regulation, an employee may take vacation time during his first year of employment, and any weeks spent on vacation count toward the required year of employment. Exactly *when* within that first year the employee takes the vacation is irrelevant under the regulation. An employee could take vacation during his thirtieth and thirty-first weeks

---

**3.** Both sides agree that the 1250–hour requirement is not at issue for purposes of this Motion.

of employment or his fiftieth and fifty-first weeks, and in either case count those as weeks of employment for purposes of FMLA eligibility.

This regulation notwithstanding, Defendant argues that the Court should not interpret the FMLA to permit employees, such as Plaintiff, to take leave during the last weeks of their first year of employment and thereby grow into FMLA eligibility. Such an interpretation, according to Defendant, would thwart the purposes of the statute. Some courts in other jurisdictions have held that an employee may not use employer-approved leave to get over the one-year eligibility threshold. *See Sewall v. Chicago Trans. Auth.*, No. 99 C 8372, 2001 WL 40802, *5 (N.D.Ill. Jan. 16, 2001); *Jessie v. Carter Health Care Ctr.*, 926 F.Supp. 613, 617 (E.D.Ky.1996); *Schlett v. Avco Fin. Servs.*, 950 F.Supp. 823, 835 (N.D.Ohio 1996). The Court is not persuaded by the reasoning of these courts, however, because they did not consider the impact of 29 C.F.R. § 825.110(b), which the Court finds to be dispositive in this case.

Moreover, contrary to Defendant's contentions, Plaintiff's interpretation is not inconsistent with the purposes of the FMLA. Defendant first points out that if an employee is permitted to use two weeks of vacation time to surpass the threshold and become FMLA eligible, he will then be entitled to an additional twelve weeks of FMLA leave, for a total of fourteen consecutive weeks of leave. It argues that courts, including the Supreme Court, have rejected interpretations of the FMLA that operate to give employees more than twelve weeks of leave within a twelve-month period. *See Ragsdale v. Wolverine World Wide, Inc.*, — U.S. —, 122 S.Ct. 1155, 1163–64, 152 L.Ed.2d 167 (2002) (striking down regulation in part because it "amends the FMLA's most fundamental substantive guarantee—the employee's entitlement to 'a total of 12 workweeks of leave during any 12–month period.'").

The interpretation that Plaintiff urges here, however, is distinct in a crucial respect from the scenario the Supreme Court faced in *Ragsdale*. There, the employee enjoyed the *protections* of the FMLA throughout an initial period of leave but nevertheless insisted that those weeks should not be counted against her total FMLA allotment. *See Ragsdale*, — U.S. at —, 122 S.Ct. at 1164. By contrast, an employee who takes leave during his first year of employment does not enjoy the protections of the FMLA, such as guaranteed health care benefits and a right to reinstatement, during that leave. Only after he exceeds the one-year threshold does he, like other employees, become entitled to twelve weeks of FMLA-protected leave. It may be the case that he takes advantage of his ordinary leave and his FMLA-protected leave consecutively. However, this coincidence does not change the total amount of FMLA-protected leave to which he is entitled and does not expand his eligibility under the statute.

A related objection is that allowing employees to use vacation time to attain the one-year threshold would grant short-term employees more total leave than employees who have worked for longer than one year. This apparent anomaly results because the statute authorizes employers to force employees who are *already* FMLA-eligible to take their allotted leave time as *part of* their twelve-week entitlement. *See* 29 U.S.C. § 2612(d)(2)(A); 29 C.F.R. § 825.207(a). In contrast, employees who use their vacation time to *become* eligible would be permitted to take vacation time *in addition to* twelve weeks of FMLA leave. However, this argument fails because, as discussed above, employees do not enjoy the protections of the FMLA

during the weeks of vacation that precede their one-year anniversary of employment. There is no reason to make them count those weeks against their FMLA allotment if the protections of the statute do not apply.

Finally, Defendant objects that Plaintiff's interpretation will discourage employers from offering generous leave policies. The FMLA cautions that nothing in it "shall be construed to discourage employers from adopting or retaining leave policies more generous" than those required under the statute. 29 U.S.C. § 2653. Defendant predicts that employers will be stingier in formulating vacation policies if they know that every week of vacation time they provide during the first year reduces by one week the time employees have to work before they become FMLA-eligible. This objection ignores, however, that leave time during the first year *already* counts toward an employee's FLMA eligibility under the DOL regulations. *See* 29 C.F.R. § 825.110(b). In accepting Plaintiff's position, the Court simply confirms what appears plain from the language of the regulation: leave time taken at the end of the first year of employment counts toward an employee's FMLA eligibility just like leave time taken earlier in the year. This clarification will be utterly irrelevant to the vast majority of employees, who use their allotted vacation time for recreational or other personal purposes and not for an FMLA-qualifying event that occurs immediately before their one-year anniversary of employment. Therefore, even if employers perceive the Court's ruling to be a novel interpretation of the FMLA, it is an interpretation that will affect so few employees that it is unlikely to significantly change employers' incentives in formulating general leave policies.

In sum, none of Defendant's arguments persuades the Court to reject what it believes is the most natural reading of 29 C.F.R. § 825.110(b), namely, that an employee may take a vacation during which he remains on the payroll and is receiving benefits, and during that vacation pass the one-year eligibility threshold of the FMLA. *See Rollins v. Wilson County Gov't,* 154 F.3d 626, 628 (6th Cir.1998) (noting in dicta that pregnant plaintiff could have used four weeks of medical leave during which she remained on the payroll and received benefits to extend her employment period beyond twelve months). Here, Plaintiff has alleged that he worked for fifty-one weeks and had accrued at least two weeks of vacation time when he left work. He may be able to prove facts consistent with these allegations that entitle him to the protections of the FMLA. Moreover, the Complaint is sufficiently specific in terms of dates and Defendant's challenged conduct to put Defendant on notice as to the nature of the FMLA claim it will have to defend. Plaintiff has thus stated a claim that may ultimately entitle him to relief.

## IV. CONCLUSION

For the above reasons, the Court DENIES Defendant's Motion to Dismiss.

SO ORDERED.