United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2110
_____

Steaphanie Moore,                          *
                                           *
        Plaintiff - Appellant,             *
                                           *   Appeal from the United States
v.                                         *   District Court for the
                                           *   Eastern District of Arkansas.
Payless Shoe Source, Inc.,                 *
                                           *
        Defendant - Appellee.              *

_____

Submitted:  December 10, 1997
      Filed:  March 30, 1998
_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Steaphanie Moore appeals the district court's[1] grant of summary judgment dismissing her claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), against her former employer, Payless Shoe Source, Inc. ("Payless"). We conclude that Moore failed to present the "strong countervailing evidence" needed to

---

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

defeat summary judgment when an ADA claimant has represented to the Social Security Administration that she is "unable to work." Dush v. Appleton Elec. Co., 124 F.3d 957, 963 (8th Cir. 1997). We further agree with the district court that Moore's chameleonic FMLA claim fails because Moore either did not work sufficient hours to be eligible or the claim is time-barred. Accordingly, we affirm.

We review the grant of summary judgment *de novo*, viewing facts in the light most favorable to Moore. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). In June 1991, Moore was injured while working as a Payless store manager. After receiving temporary total workers compensation disability benefits, she returned to work that September. Moore's physician told her not to lift more than 10 lbs., reach overhead with her right arm, or twist, stoop, or bend with her back. Payless accommodated these restrictions by instructing other store employees to assist Moore with lifting. Moore suffered a second work-related injury in April 1993, just before scheduled shoulder surgery. She had the surgery on April 30 and received temporary total workers compensation disability benefits until August, when she returned to work. She suffered a third work-related injury in September, went on unpaid leave, and again applied for workers compensation benefits. On December 20, 1993, she also applied to the Social Security Administration ("SSA") for disability insurance benefits. Her signed application included the following representations:

> I became unable to work . . . on April 22, 1993. I am still disabled. . . . I agree to notify the Social Security Administration if my medical condition improves so that I would be able to work. . . . I know that anyone who makes or causes to be made a false statement or representation of material fact in an application . . . commits a crime punishable under federal law by fine, imprisonment or both. I affirm that all information I have given in connection with this claim is true.

Moore's treating physician released her to return to work on January 20, 1994. In early February, she advised Payless that she could return to work. Her supervisor invited her

to return to her former position, and Moore accepted.  However, when Moore requested the same accommodation she received after her 1991 and 1993 injuries, her supervisor noted that the physician's release did not place any restrictions on her return to work. Moore then furnished a note from another physician restricting her to lifting 15 lbs. and advising that her right shoulder has a limited range of motion.

On February 9, 1994, SSA denied Moore's disability application.  On March 31, Payless advised Moore, "you remain active on our payroll, but we have no work available which can accommodate your restrictions."  On April 5, Moore petitioned SSA to reconsider the denial of her disability application.  Two weeks later, she testified at a workers compensation hearing that she was willing to work within her restrictions. At that hearing, she claimed temporary total disability from September 22, 1993, to February 22, 1994, and a permanent partial disability equal to fifty percent of the body as a whole.  In June 1994, the workers compensation administrative law judge awarded her temporary total disability benefits to February 20, 1994, plus a permanent partial award "equal to an eight percent loss of use of the body as a whole."  SSA denied her request for reconsideration in December 1994.  Moore began work as a sales clerk at another store in March 1995 but continued to receive health benefits from Payless.  She filed this lawsuit in December 1995, asserting that Payless violated the ADA by refusing to return her to her former position with a reasonable accommodation of her disability, and violated the FMLA by constructively discharging her.

## I.  The ADA Claim.

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability."  42 U.S.C. § 12112.  To avoid summary judgment dismissing her ADA claim, Moore must show that at the time in question she was disabled, she was nonetheless qualified to perform the essential functions of her job with or without reasonable accommodation, and she suffered an adverse employment decision because of her disability.  See Price v. S-B Power Tool,

75 F.3d 362, 365 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 274 (1996).  The issue on this appeal is whether Moore presented sufficient evidence that she was qualified to perform the essential functions of her job despite her ongoing representation to SSA that she was "unable to work."

Judicial estoppel is a seldom-invoked doctrine that protects the integrity of the judicial process by barring a claim if the claimant has taken an inconsistent position under oath in a prior judicial or quasi-judicial proceeding.  A number of cases have addressed the question whether judicial estoppel should preclude an ADA plaintiff who has represented to SSA that he or she is totally disabled from contending that he or she is a "qualified individual," that is, disabled but able to perform the essential functions of a job.  <u>Compare</u> <u>Swanks v. Washington Met. Area Transit Auth.</u>, 116 F.3d 582, 586-87 (D.C. Cir. 1997), <u>with</u> <u>McNemar v. Disney Store, Inc.</u>, 91 F.3d 610 (3d Cir. 1996), <u>cert. denied</u> 117 S. Ct. 958 (1997).  As the EEOC explained in its *amicus curiae* brief in this case, there is no inherent inconsistency between claiming to be eligible for Social Security disability benefits and claiming to be a qualified person with a handicap under the ADA, primarily because the Social Security disability standard does not take into account ability to work with a reasonable accommodation.  <u>Compare</u> the Social Security disability standard in 42 U.S.C. § 423(d), <u>with</u> the ADA definition of qualified person in 42 U.S.C. § 12111(8).  Therefore, this court, like most Circuits to consider the issue,[2] has declined to hold the ADA plaintiff judicially estopped to prove he or she is a qualified individual with a disability for purposes of 42 U.S.C. § 12111(8) simply because he or she also applied for Social Security disability benefits.  <u>See</u> <u>Dush v. Appleton Elec. Co.</u>, 124 F.3d at 962 n.8.

---

[2]<u>See</u> <u>Griffith v. Wal-Mart Stores</u>, 1998 WL 29870 (6th Cir. Jan. 29, 1998); <u>Talavera v. School Bd. of Palm Beach County</u>, 129 F.3d 1214 (11th Cir. 1997); <u>Weigel v. Target Stores</u>, 122 F.3d 461, 467-68 (7th Cir. 1997); <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 120 F.3d 513, 516-18 (5th Cir.), <u>petition for cert. filed</u>, 66 U.S.L.W. 3435 (U.S. Dec. 15, 1997)(No. 97-1008); <u>Swanks</u>, 116 F.3d at 586-87; <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1480-82 (9th Cir. 1996).

Though we have not invoked judicial estoppel to bar ADA claims in this situation, we have made it clear that an ADA claimant who made prior sworn representations to SSA may not cast aside the factual import of those representations. Thus, the ADA plaintiff is estopped to deny the truth of ongoing sworn statements made in the SSA disability proceeding, but may attempt to prove that he or she is nonetheless a "qualified individual with a disability" for ADA purposes. We have put this standard in concrete terms procedurally: "prior representations of total disability carry sufficient weight to grant summary judgment against the [ADA] plaintiff" absent "strong countervailing evidence that the employee is in fact qualified." Dush, 124 F.3d at 963 (quotations omitted).

Moore's submission in response to Payless's motion for summary judgment fell significantly short of meeting this "strong countervailing evidence" standard. In the face of her ongoing representation to SSA that she was "unable to work" -- first made in December 1993, and reconfirmed when she requested reconsideration of SSA's initial denial in April 1994 -- we have only Moore's affidavit stating that she can perform the essential functions of her former job as store manager with the accommodation she received when she returned to work in September 1991 and August 1993. However, the workers compensation ALJ concluded she should "obtain employment in a sedentary type of situation commensurate with her physical limitations," and her physician restricted her in 1991 to "light duty work." Because the store manager job in question is neither sedentary nor light work, Moore's self-serving affidavit is unpersuasive. Each time she attempted to return to that position, she reinjured herself and took an extended leave of absence. An employee who is "unable to come to work on a regular basis [is] unable to satisfy any of the functions of the job in question, much less the essential ones." Halperin v. Abacus Tech. Corp., 128 F.3d 191, 198 (4th Cir. 1997); see Foremanye v. Board of Community College Trustees, 956 F. Supp. 574, 578-79 (D. Md. 1996). On this record, applying the standard adopted

in <u>Dush</u>, we conclude that the district court properly granted summary judgment dismissing Moore's ADA claim.[3]

## II. The FMLA Claim.

FMLA grants eligible employees up to twelve weeks of leave during any twelve month period for enumerated circumstances which include "a serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. § 2612(a)(1)(D). To be eligible, the employee must have at least 1250 "hours of service" during the twelve months prior to commencement of leave. 29 U.S.C. § 2611(2)(A). Eligible employees are entitled to reinstatement upon returning from FMLA leave. 29 U.S.C. § 2614(a)(1). FMLA claims are subject to a two year statute of limitations that is extended to three years for willful violations. 29 U.S.C. § 2617(c).

Though Moore received a lengthy medical leave after her September 1993 injury, she argues that she was also entitled to twelve weeks of FMLA leave in February 1994 because Payless never designated her workers compensation leave as "FMLA leave." We suspect this theory is substantively flawed, for it is based upon an interim Department of Labor regulation regarding when an employer may require that *paid* leave be counted as FMLA leave. <u>See</u> 29 C.F.R. § 825.208, 58 Fed. Reg. 31,794, 31,821 (Jun. 4, 1993). But we need not reach the merits of the claim, for it has basic threshold flaws.

---

[3]Had Moore disclosed to SSA that she was released for work by her treating physician in January 1994 and applied to Payless for her former job with an accommodation, we would need to consider whether the strict <u>Dush</u> standard should apply to an ADA plaintiff who has been totally candid with SSA and the court. We incline to the view that a claimant who seeks relief that may be but is not necessarily inconsistent, such as Social Security disability benefits and ADA work accommodation, should receive some credit for complete candor and honesty.

The district court initially dismissed this claim because Moore testified that she was denied FMLA leave in February 1994, when she was ineligible because she had not worked 1250 hours in the previous twelve months. In her motion to alter or amend to the district court, Moore then argued that the FMLA violation occurred when her medical leave began in September 1993. The district court properly rejected that claim as time-barred because her complaint was filed in December 1995 and did not allege a willful FMLA violation. On appeal, Moore changes theories again, now arguing that the alleged violation occurred in September 1993, when she was eligible, and is not time-barred because it did not accrue until she was denied reinstatement in February 1994. We disagree. If the violation was Payless's failure to designate her workers compensation leave as FMLA leave, it occurred *and accrued* in September 1993 and is time-barred. On the other hand, if the violation was Payless's denial of FMLA leave in February 1994, she was ineligible because she lacked the necessary hours of service.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.