36 F.Supp.2d 892 (1998)
Barbara WALLACE, Plaintiff,
v.
COMPREHEALTH, INC., Defendant.
No. 4:97CV1243-DJS.
United States District Court, E.D. Missouri, Eastern Division.
September 15, 1998.
Richard W. Fischer, Mary M. Creamer, Fischer and Creamer, St. Louis, MO, for Barbara Wallace, plaintiff.
James N. Foster, Jr., Partner, Shelley M. Roither, McMahon and Berger, St. Louis, MO, for Comprehealth, Inc., defendant.
Timothy E. Hayes, Partner, Lathrop and Gage, St. Louis, MO, Thomas D. Brown, Computer Sales International, Inc., St. Louis, MO, for Ken Marx, movant.

ORDER
STOHR, District Judge.
Plaintiff brings the instant action against her former employer, arising out of her termination following leave plaintiff took to care *893 for her husband who was undergoing a bone marrow transplant as a treatment for cancer. Plaintiff's second amended complaint alleges that defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (Count I), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Count II) the Missouri Human Rights Act ("MHRA"), § 213.010 R.S.Mo. et seq. (Count III), and the Missouri service letter statute, § 290.140 R.S.Mo. (Count IV). The matter is now before the Court on defendant's motion for summary judgment.

Family and Medical Leave Act Claim
First, defendant challenges plaintiff's FMLA claim on the ground that Count I fails to plead essential elements of such a claim, including that plaintiff was an eligible employee under the Act and that defendant was a covered employer under the Act. It is well established that in passing on a motion to dismiss for failure to state a claim, the Court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 at 154 (1990). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 159. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Hungate v. United States, 626 F.2d 60, 62 (8th Cir.1980).
Applying these standards, the Court readily determines that dismissal of plaintiff's FMLA claim on the basis urged by defendant would not be appropriate. As plaintiff points out in her opposition, the allegations of the second amended complaint concerning the term of her employment with defendant and the size of defendant's work force are sufficient to fairly draw an inference that, in the event the elements are in fact disputed, plaintiff will adduce evidence satisfying the particular requirements of the FMLA as to both employee and employer.
Next defendant challenges in several respects plaintiff's prima facie case under the FMLA. There are differing views as to what constitutes a prima facie case for purposes of the FMLA. Many courts have applied the burden-shifting analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See, e.g., Richmond v. ONEOK, Inc., 120 F.3d 205, 208 (10th Cir. 1997); Morgan v. Hilti, Inc., 108 F.3d 1319, 1322 (10th Cir.1997). Several courts have identified the prima facie case for a claim of FMLA retaliation as requiring plaintiff to show that: (1) he engaged in activity protected under the FMLA; (2) he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. See Richmond, 120 F.3d at 208; Hillman v. Hamilton College, 1998 WL 166827, at *6 (N.D.N.Y. April 9, 1998).[1]
The FMLA allows eligible employees up to twelve weeks of leave during any twelve-month period for enumerated reasons including the care of "the spouse, or a son, daughter, *894 or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). "To be eligible, the employee must have at least 1250 `hours of service' during the twelve months prior to commencement of leave." Moore v. Payless Shoe Source, Inc., 139 F.3d 1210, 1211 (8th Cir. 1998), citing 29 U.S.C. § 2611(2)(A). Cast now as an attack on the first element of plaintiff's prima facie case, defendant again asserts that plaintiff has failed expressly to plead that she is an eligible employee under the FMLA. Interpreted as an argument under the motion to dismiss standard, this contention is disposed of as in its first appearance above. Interpreted under a summary judgment standard, the argument is also unavailing. Particularly when the Court views the facts and inferences from the facts in the light most favorable to plaintiff as the non-moving party, defendant, by this pleading-based rather than evidence-based argument, fails to establish the absence of a genuine issue of material fact as to plaintiff's eligibility under the FMLA. In other words, defendant fails to assert and establish that plaintiff is not an eligible employee under the FMLA, as defendant would be required to do in order to obtain summary judgment on this basis.
Defendant next attacks the second element of plaintiff's prima facie case, namely whether plaintiff suffered an adverse employment action. More specifically, defendant asserts that plaintiff was never terminated by defendant and so has not suffered an adverse action. On this point, summary judgment must be denied because there exists a genuine dispute as to whether or not defendant terminated plaintiff's employment. Without expressing any view on the ultimate determination, the Court observes that even if defendant never expressly stated that it was terminating plaintiff's employment, the parties' interaction in the spring of 1997 could reasonably support a jury determination that defendant effectively terminated plaintiff.
Plaintiff's proffered proof on the point includes evidence that Ms. Hoffman, defendant's president, told plaintiff not to return to work on March 24, 1997 as plaintiff planned; that when plaintiff arrived at the workplace on March 28 for a meeting with Ms. Hoffman and her accountants, plaintiff found that her security access card for entry into defendant's premises had been deactivated; that Ms. Hoffman on March 28 and again in her letter of April 7, 1997 requested plaintiff's resignation; that defendant at no time thereafter requested plaintiff's return to work and did not respond to inquiries in plaintiff's letter of April 3, 1997 and plaintiff's counsel's letter of April 23, 1997 regarding the status of her employment.
Next, as to the prima facie case under the FMLA, defendant makes the conclusory assertion in a footnote that plaintiff has no evidence to establish a causal connection between any termination and her leave under the FMLA. See Def. Memo. in Support [Doc. # 55], p. 8, n. 4. In the Court's view, this cursory treatment fails to carry defendant's burden as the movant seeking summary judgment to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. The Court will therefore not address the argument further.

Disability Discrimination Claims under the ADA and MHRA
Counts II and III of the second amended complaint allege that defendant violated the ADA and MHRA by discriminating against plaintiff on the basis of her association with a disabled person, her husband. To the extent that defendant seeks summary judgment on these claims on the basis that plaintiff suffered no adverse employment action, the argument is rejected for the same reason as stated above: there exists a genuine dispute of material fact as to whether defendant terminated plaintiff's employment.
The ADA prohibits employers from taking adverse employment action "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). The MHRA similarly provides. See § 213.070(4) and § 213.055.1(1)(a) R.S.Mo. Defendant next argues that it is entitled to summary judgment because plaintiff *895 is unable to adduce evidence supporting a reasonable inference that the requisite discriminatory animus motivated her termination. The argument is proffered both as to plaintiff's inability to make a prima facie case and her inability to shoulder her ultimate burden of adducing proof from which to infer discrimination. In support of its request for summary judgment on the disability claims, defendant argues that plaintiff's requests for leave were granted, that its president did not give adverse consideration to plaintiff's husband's disability and, to the contrary, expressed her concern and sympathy, that plaintiff's refusals to meet with the president to discuss problems discovered during plaintiff's leave are the only reasons plaintiff no longer works for defendant, and that the president made no statements exhibiting any animus based on plaintiff's husband's medical condition.
Plaintiff submits in response that her evidence would support a jury finding that she was terminated "because of Defendant's unsubstantiated assumptions that [her] husband's illness preoccupied her and she would be unable to work and/or would require additional FMLA benefits." Pltf. Memo. in Opp. [Doc. # 62], p. 15. The Court questions whether the motivations asserted in this statement constitute animus based on plaintiff's husband's disability, as distinct from plaintiff's ability to perform her job. Furthermore, plaintiff's express reference to further FMLA benefits is suggestive of grounds for her FMLA claim rather than lending support to a disability-association claim under the ADA and MHRA. These doubts arise again when the Court examines the particular evidence upon which plaintiff relies in support of her ADA and MHRA claims, which appears to be much the same as the evidence supporting her FMLA claim.
Plaintiff's proffered evidence falls into four categories. First, plaintiff relies upon a number of asserted facts, referenced above, which are relevant to the question whether defendant terminated plaintiff's employment. None of this evidence is probative of the motivation for such a termination, however, and so is not persuasive on the point now under discussion.
The next species of plaintiff's evidence is of changes in Ms. Hoffman's behavior toward plaintiff, and the timing thereof, coinciding with the determination in December 1996 that plaintiff's husband's treatment was not coming to a close, but that additional hospitalization and extensive recuperation would be necessary in 1997. Plaintiff contends that this evidence shows that Ms. Hoffman was no longer supportive of plaintiff, that she avoided eye contact with plaintiff, that she often did not speak directly to plaintiff, but gave plaintiff directions through other employees, and that Ms. Hoffman ignored plaintiff's opinions on important hiring decisions.
A third category of plaintiff's evidence relates directly to her requests for additional FMLA leave. The facts alleged include that Ms. Hoffman for the first time required plaintiff's February 1997 FMLA leave request to be put in writing, that Ms. Hoffman denied plaintiff a whole week's leave and instead allowed plaintiff leave only on the dates of her husband's hospital admission and of the transplant itself, that Ms. Hoffman refused plaintiff's request pursuant to 29 U.S.C. § 2612(c) to use vacation time as a substitute for unpaid FMLA leave, and finally that defendant did not respond to plaintiff's later request for two additional weeks of FMLA leave after her husband was released from the hospital. In the Court's view, such evidence may be supportive of a claim asserted under the FMLA, but carries little probative weight as to the analytically distinct issue whether Ms. Hoffman was motivated by a discriminatory animus against plaintiff's husband's disability.
Fourth, plaintiff characterizes one piece of her evidence as direct evidence of discriminatory motive. This evidence consists of a comment, made by one of defendant's accountants during the March 28, 1997 meeting with plaintiff and defendant's president, that because of her personal situation, plaintiff would not be capable of working. The Court finds unpersuasive plaintiff's assertion that the idea expressed in this comment should be attributed to defendant's president, the decision-maker with respect to plaintiff's employment, either because she failed to disagree or because she nodded upon hearing the comment. *896 Furthermore, the content of the statement is not without significant ambiguity in that, as defendant points out, it may have been intended to convey compassion, sympathy or a perception of plaintiff's need to be excused from immediate responsibilities at work.
The remark does not signify a motivation to terminate plaintiff because of her husband's alleged disability, as distinct from asserting a comment upon plaintiff's ability and availability to perform the essential functions of her job. The Court therefore concludes as a matter of law that the comment is not direct evidence of discriminatory motive because it does not constitute "explicit, inculpatory evidence of discriminatory intent" as to any decision by Hoffman to terminate plaintiff. Hutson v. McDonnell Douglas Corporation, 63 F.3d 771, 776 (8th Cir.1995). This being so, the accountant's remark is insufficient to render the familiar burden-shifting analytical framework inapplicable and preserve plaintiff's claims for trial.
Having reviewed plaintiff's proffered evidence in some detail, the Court concludes as a matter of law that plaintiff lacks evidence upon which a reasonable jury could find that plaintiff's termination, if any, was motivated by her husband's cancer.[2] The Eighth Circuit has held that summary judgment may be entered against a discrimination plaintiff whose "evidence is insufficient for a reasonable trier of fact to infer discrimination even though the plaintiff may have created a factual dispute as to the issue of pretext." Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1335 (8th Cir.1996); see also Hutson v. McDonnell Douglas Corporation, 63 F.3d 771, 777 (8th Cir.1995). "A reason cannot be proved to be `a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).
[P]laintiff can avoid summary judgment only if the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons were pretextual and (2) creates a reasonable inference that [unlawful discrimination based on her husband's disability] was a determinative factor in the adverse employment decision.
Rothmeier, 85 F.3d at 1336-37. Because the Court determines that plaintiff's evidence does not meet this threshold, it concludes that defendant is entitled to summary judgment on plaintiff's ADA and MHRA disability-association theories asserted in Counts II and III of the second amended complaint.

Service Letter Claim
Finally, the instant motion asserts several arguments concerning plaintiff's Count IV, her claim that defendant violated the Missouri service letter statute. First, defendant contends that it had no obligation under the statute because plaintiff's employment had not been terminated at the time of her request for a service letter. As indicated above with respect to this argument, the Court has concluded that there exists a genuine dispute of material fact concerning how and when plaintiff's employment with defendant ended, precluding summary judgment on the basis urged by defendant.
Defendant next argues that only nominal damages are available to plaintiff for the alleged violation of the service letter statute. In response, plaintiff admits that she suffered no actual injury for which compensatory damages would be appropriate. Plaintiff reasserts, however, her pleading's prayer for punitive damages based on actual or legal malice on the part of defendant. Defendant asserts that punitive damages are unavailable because it acted on a good faith belief that plaintiff was not entitled to a service letter because defendant had not terminated her and plaintiff had not voluntarily quit her employment. Given the parties' fact disputes concerning the circumstances and motivation for plaintiff's termination, the Court cannot determine as a matter of law whether, with *897 respect to the service letter request, defendant acted deliberately with an intent to injure plaintiff or intentionally without just cause. The Court will grant summary judgment as to actual damages under Count IV, based on plaintiff's concession of the point, but not as to plaintiff's claims for nominal and punitive damages for the alleged service letter violation.

Conclusion
For all the foregoing reasons, the instant motion will be granted in part and denied in part. The Court will enter summary judgment on plaintiff's disability discrimination claims in Counts II and III, as well as on any claims for compensatory damages on the service letter claim asserted in Count IV. Plaintiff's FMLA claim in Count I remains pending, as do plaintiff's claims in Count IV for nominal and punitive damages for the alleged service letter violation.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment [Doc. # 51] is granted in part and denied in part.

PARTIAL JUDGMENT
Pursuant to the order entered herein this day,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that summary judgment is entered in favor of defendant and against plaintiff on Counts II and III of plaintiff's second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that summary judgment is entered in favor of defendant and against plaintiff as to any claim for compensatory damages on Count IV of plaintiff's second amended complaint. Plaintiff's claims for nominal and punitive damages under Count IV remain pending.
NOTES
[1] However, in Diaz v. Fort Wayne Foundry Corp., 131 F.3d 711, 712-13 (7th Cir.1997), the Seventh Circuit Court of Appeals recently held that substantive claims under the FMLA are not properly analyzed under the McDonnell Douglas framework. The Diaz court applied a direct analysis of whether the employee in question was wrongfully denied benefits guaranteed by the statute. Id. at 713. The Diaz court noted:

At least one court of appeals has used a derivative burden-shifting approach for claims based on the anti-retaliation provision of the FMLA ... and we reserve judgment on this possibility. (It is not clear what a burden-shifting approach could add, but at least it would not misdirect attention, as it does for substantive claims.)
Id. Because the Court rejects defendant's arguments against plaintiff's FMLA claims, it need not make a definitive determination as to the application of the McDonnell Douglas rubric. The Court would, however, characterize plaintiff's termination claim as one in the retaliation vein, rather than a claim of the substantive denial of FMLA benefits, such as a denial of leave under the FMLA.
[2] As noted above, the same facts, if proven, are much more probative of the separate question whether plaintiff was treated adversely for engaging in activity protected under the FMLA, or for seeking benefits under the FMLA; plaintiff's FMLA claim having survived the instant motion, the question is one for the jury at trial.