# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2110
_____

| | | |
|---|---|---|
| Steaphanie Moore, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Payless Shoe Source, Inc., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: July 13, 1999
Filed: August 16, 1999

_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Steaphanie Moore appealed the district court's[1] grant of summary judgment dismissing her claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), against her former employer, Payless Shoe Source, Inc. ("Payless"). Applying the standard articulated in Dush v. Appleton Elec. Co., 124 F.3d 957, 963 (8th Cir. 1997), we affirmed, concluding that Moore failed to present the "strong

_____

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

countervailing evidence" needed to defeat summary judgment when an ADA claimant has represented to the Social Security Administration that she is "unable to work." Moore v. Payless Shoe Source, Inc., 139 F.3d 1210 (8th Cir. 1998). The Supreme Court granted Moore's petition for a writ of certiorari and remanded for further consideration in light of Cleveland v. Policy Management Systems Corp., 119 S. Ct. 1597 (1999). Moore v. Payless Shoe Source, Inc, 119 S. Ct. 2017 (1999) (mem.). For the following reasons, we reinstate our prior decision.

In June 1991, Moore was injured while working as a Payless store manager. She returned to work in September 1991 under a physician's restriction that she lift no more than ten pounds and avoid twisting, stooping, and bending. Payless accommodated these restrictions by instructing other store employees to assist Moore with lifting. She suffered a second work-related injury in April 1993 and received temporary total workers compensation disability benefits, returning to work in August. She suffered a third work-related injury in September 1993, went on unpaid leave, and again received workers compensation benefits. On December 20, 1993, she applied for Social Security disability benefits, representing that she was "unable to work." Moore's treating physician released her to return to work on January 20, 1994. In early February, Payless invited her to return to her former position without restrictions. Moore responded by furnishing a physician's note restricting her to lifting not more than fifteen pounds and advising that her right shoulder has a limited range of motion. Payless advised Moore, "you remain active on our payroll, but we have no work available which can accommodate your restrictions." Moore claims that Payless violated the ADA by refusing to reinstate her with the accommodations afforded her when she returned to work in September 1991 and August 1993.

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability." 42 U.S.C. § 12112. To avoid summary judgment dismissing her ADA claim, Moore must show that at the time in question she was disabled but was nonetheless qualified to perform the essential

functions of her job with or without reasonable accommodation.  See 42 U.S.C. § 12111(8).  In our prior opinion, we declined to invoke the doctrine of judicial estoppel to bar Moore's ADA claim, but we stated "that an ADA claimant who made prior sworn representations to SSA may not cast aside the factual import of those representations" in her ADA case.  Moore, 139 F.3d at 1212-13.  Quoting from our prior opinion in Dush, we held that "prior representations of total disability carry sufficient weight to grant summary judgment against the [ADA] plaintiff absent strong countervailing evidence that the employee is in fact" a qualified individual with a disability.  Id. at 1213.

In Cleveland, the Supreme Court agreed that "a plaintiff's sworn assertion in an application for disability benefits that she is, for example, 'unable to work' will appear to negate an essential element of her ADA case -- at least if she does not offer a sufficient explanation."  119 S. Ct. at 1603.  But the Supreme Court articulated a somewhat different summary judgment standard than our standard in Dush:

> When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim.  To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of her job, with or without "reasonable accommodation."

Id. at 1604.  We must reconsider our prior decision under this new standard.

In response to Payless's motion for summary judgment, Moore presented an affidavit by a licensed occupational therapist, Pat Hames, who had evaluated Moore's physical work limitations.  Hames averred:

> Ms. Moore's limitations restrict her to physical work demands normally classified as Sedentary, as defined by the Dictionary of Occupational Titles, without accommodation. . . . After reviewing job descriptions submitted by Payless . . . Payless' job descriptions would be classified as Medium work under the Dictionary of Occupational Titles. Assuming these descriptions are accurate, Ms. Moore would be unable to perform the position of Store Manager.

Thus, the summary judgment record contains undisputed evidence that Moore is unable to perform the essential functions of her prior position *without* accommodation. The focus of Moore's claim is instead on the issue of accommodation. In her own affidavit she averred:

> 10. I am now working at Hobby Lobby as sales clerk. I cannot lift large objects, but the store accommodates my disabilities by asking other personnel to assist me to lift heavy objects when needed. I believe that Payless Shoe Source could do the same because it did so earlier. But, Payless has refused. I am able to work as a sales clerk with reasonable accommodations.

Moore argues that this affidavit raises a genuine issue of material fact as to whether she is able to perform the essential functions of her job as a Payless store manager with reasonable accommodation. We disagree.

There is no evidence that Moore advised Payless at the time in question "what accommodation specific to her position and workplace was needed." Mole v. Buckhorn Rubber Prods., Inc., 165 F.3d 1212, 1217 (8th Cir.), petition for cert. filed, 67 U.S.L.W. 3773 (U.S. Jun. 22, 1999) (No. 98-1990). Moreover, there is no evidence that Moore's position as a Hobby Lobby sales clerk, and her former position as a Payless store manager, are so similar that a reasonable accommodation at one would suffice at the other. Moore seeks to fill these evidentiary gaps with the contention that Payless simply needed to afford her the same accommodation it had previously

-4-

provided. But the record refutes this contention. Each time Moore returned to the store manager position in 1991 and 1993 -- *with* the accommodation she now alleges is sufficient to make her able to perform the job -- she reinjured herself and was forced to take an extended leave of absence. An employee who is "unable to come to work on a regular basis [is] unable to satisfy any of the functions of the job in question, much less the essential ones." Halperin v. Abacus Tech. Corp., 128 F.3d 191, 198 (4th Cir. 1997); see Foremanye v. Board of Community College Trustees