Barbara BUTLER, Plaintiff–Appellant,

v.

OWENS–BROCKWAY PLASTIC PRODUCTS, INC., Defendant–Appellee.

No. 99–3065.

United States Court of Appeals, Sixth Circuit.

Argued: Nov. 3, 1999

Decided and Filed: Dec. 9, 1999

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 8, 2000.

Sheila M. Smith (argued and briefed), FREKING & BETZ, Cincinnati, Ohio, for Appellant.

Janis E.S. Foley (argued and briefed), Michael L. Stokes (briefed), COOPER, WALINSKI & CRAMER, Toledo, Ohio, for Appellee.

Before: MERRITT and NELSON, Circuit Judges; COHN, District Judge.*

## OPINION

MERRITT, Circuit Judge.

This appeal arises from a district court order granting summary judgment for defendant Owens–Brockway on plaintiff's claim that she was terminated for excessive work absences in violation of the Family and Medical Leave Act of 1993, which provides that "eligible employees" are entitled to leave "because of a serious health condition." 29 U.S.C. § 2612 (1999).

The question before us is who is an "eligible employee" who is entitled to claim sick leave and subsequently enforce the Act. The Act is not very clear on this issue. Under the enforcement provision of the Act, "any employer who violates section 2615 of this title shall be liable to any *eligible employee* affected...." 29 U.S.C. § 2617 (1999) (emphasis added). Section 2615(a)(1) provides that it is a prohibited act for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1) (1999). To be deemed an "eligible employee" entitled to claim sick leave under the Act, an employee must have been employed for twelve months prior to the request for leave, and must have provided "at least 1,250 hours of service with such employer during the previous 12–month period." 29 U.S.C. § 2611(2)(A)(ii) (1999). The issue before us is whether the 1,250 hour service provision should be interpreted to require that the hours of service be performed prior to the commencement of a claimed leave period, or whether the hours of service must be performed immediately prior to the alleged adverse action in violation of the Act.

The district court found that plaintiff Butler was not an "eligible employee" under the terms of the Act at the time that she was terminated because she had not worked 1250 hours during the previous twelve months, and that therefore she was not eligible to bring a claim against the defendant for her termination. It granted summary judgment because it interpreted the Act as requiring 1250 hours during the year immediately before termination, not 1250 hours prior to claiming sick leave. The plaintiff appeals both the District Court's grant of summary judgment to her former employer and its refusal to grant her own motion for summary judgment. For the reasons laid out below, we RE-VERSE in part and AFFIRM in part the determination of the District Court.

Plaintiff Barbara Butler was an employee of Owens–Brockway from 1989 until September 18, 1995. Over the course of about a year and one-half during 1994 and 1995, Owens–Brockway determined under its absenteeism policy that Butler accumulated twelve "points," the number of points that allowed termination under the policy. Owens–Brockway's absenteeism policy assessed four points for a complete failure to report to work or call in sick, one point for either an unexcused absence or an absence of two consecutive days or more excused by a doctor, and one-half point for every late arrival or early leave. A worker who accumulated twelve points during a one-year period could be terminated for excessive absenteeism. In calculating this time period, defendant counted the past 365 calendar days not including any sick leave, workers' compensation leave or layoff days. This system made it possible for much longer than a calendar year to be used to accrue absentee points if the worker took sick leave or workers' compensation leave, or was laid off. On September 18, 1995, plaintiff Butler was informed that she had accumulated twelve absentee points, and that she was on probation for six months, during which time if she was absent for anything less than admission to

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michi-
gan, sitting by designation.

a hospital she would be terminated. That same afternoon, plaintiff called in sick to work, and was immediately terminated. Plaintiff alleges that on three occasions when she was eligible for protected medical leave, she was improperly assessed points for that leave, and that those points eventually resulted in the total twelve points which led to her probation and termination in violation of the Act.

■ The District Court held that plaintiff's claim that she was terminated in violation of the Act was barred because *at the time she was terminated* she was not an "eligible employee" under the terms of the Act. All parties agree that while plaintiff Butler was an "eligible employee" at the time she took the three allegedly protected leaves in 1994 and 1995, she was no longer eligible under the terms of the Act for further leave on the date of her termination. In coming to the conclusion that "Plaintiff must prove that she had worked at least 1,250 hours for Defendant during the 12–month period prior to the termination of her employment," the court relied heavily on *Moore v. Payless Shoe Source, Inc.*, 139 F.3d 1210 (8th Cir.1998), *vacated on other grounds by Moore v. Payless Shoe Source, Inc.*, — U.S. —, 119 S.Ct. 2017, 143 L.Ed.2d 1029 (1999). The *Moore* case, however, does not support that proposition. The court in that case clearly states that an "eligible employee" is one who has accrued "1250 'hours of service' during the 12 months prior to commencement of leave." *Moore v. Payless Shoe Source*, 139 F.3d 1210, 1213 (8th Cir.1998).

Other sources agree with the rule that the required 1250 hours of service must be computed from the date of the commencement of the leave rather than the date of the adverse action in violation of the Act. The Department of Labor stated that an "eligible employee" under the FMLA has completed 1,250 hours of service "during the 12–month period immediately preceding the commencement of the leave," and further found that "[t]he determinations of

whether an employee has worked for the employer for at least 1,250 hours in the past 12 months … must be made as of the date leave commences." 29 C.F.R. § 825.110 (1999). The other Circuit court that has expressly addressed this issue has agreed with this rule. The First Circuit held that a former employee laid off two years earlier was an "eligible employee" and could not be refused re-employment for taking sick leave protected under the Act during his prior tenure. It concluded that the enforcement provisions of the act were available to former employees who once were eligible employees. The court rejected the argument that an employee must be "eligible" at the time of the adverse action rather than at the time of the leave. *See Duckworth v. Pratt & Whitney*, 152 F.3d 1, 8 (1st Cir.1998).

If this court were to adopt the defendant's argument that an employee must always be "eligible" at the time of the adverse action, the Act would establish a perverse set of incentives. While an employee is "eligible" for leave, he may take it. But if he takes twelve weeks of leave, on the day he returns to work he is no longer "eligible" for continued leave at that time. Because he is not currently "eligible" for leave, his employer may terminate him for excessive absenteeism, and he will have no recourse under the Act. This strange scenario, certainly not contemplated by the drafters of the Act, would result if an employee had to be an "eligible employee" at the time of the adverse action rather than at the time of the commencement of the leave. We do not believe that this is what Congress intended. If Congress had intended this result, it would not have included the remedies of "employment, reinstatement and promotion." Only a former employee can be "reinstated" and only a prospective employee can be "employed."

Next, Defendant Owens–Brockway argues that the complaint should be dismissed for violation of the statute of limitations in the Act because its actions were

not "willful." The District Court failed to address this issue. The Act provides that a plaintiff has two years from the date of the last adverse action in violation of the Act to bring a claim upon that violation, and further provides that the applicable time period is extended to three years if the plaintiff can prove that the violation was "willful." *See* 29 U.S.C. § 2617(c). In this case, the last adverse action against Butler was her termination on September 18, 1995. She filed her complaint in the District Court on March 19, 1998, more than two years but less than three years after the date of the last adverse action. Because the District Court did not address this issue in its decision, we remand this issue to the District Court for a determination of whether defendant's conduct in terminating Butler was "willful."

■ Third, Owens–Brockway argues an alternative theory urging the disposition of this claim for violation of the statute of limitations. The District Court determined that plaintiff's individual claims of adverse action based upon each of Owens–Brockway's decisions to post the absences to plaintiff's record during 1994 and 1995 were time-barred due to the statute of limitations in the Act. That decision is not contested. As discussed above, the District Court did not address whether the claim alleging termination as the adverse action was time-barred, and instead disposed of that claim under its "eligible employee" theory. In addition to arguing on appeal that the claim based upon termination is time-barred on its face because it is not "willful," defendant Owens–Brockway argues in the alternative that the termination claim must be time-barred if the other claims based upon its previous decisions to post the absences to plaintiff's record are time-barred, because plaintiff's termination claim is built upon the assessment of those points and the two claims cannot be separated. We do not agree. Plaintiff's termination was the first material adverse action in this case, because it was the first action serious enough to war-

rant plaintiff's resort to the legal system. To hold otherwise would force plaintiffs to bring suit each time they are assessed a negative mark on their absentee record, but before this mark results in probation, termination, failure to reinstate, or other adverse action. As plaintiff Butler notes in her brief, such a requirement would unnecessarily clog the federal courts with premature claims.

■ Fourth, defendant Owens–Brockway argues that plaintiff's claim fails because she was terminated only due to the fact that she violated the terms of her probation, and not because of her absentee record. This argument is not persuasive enough to warrant a declaration of summary judgment and raises issues of fact. Plaintiff was placed on probation specifically because of the twelve points she had accrued under Owens–Brockway's absenteeism policy. Given that both protected and non-protected absences allegedly made up the twelve points she was assessed, it is for a finder of fact to determine whether she was terminated for protected absences, or if she was terminated for other, non-protected absences, including the absence she incurred on the day of her termination. In addition, defendant claims that it failed to assess plaintiff points on three occasions when she took non-protected leave, and that those absences would "cancel out" the three allegedly protected points that were assessed against her. While we do not wish to punish defendant for the kind gesture of declining to assess plaintiff points for unprotected absences, we do not agree that defendant's actions taken outside of its own strictly-defined absenteeism policy should now be used on appeal to summarily uphold actions taken under that policy. The issue of whether and to what degree the plaintiff's protected and non-protected absences each contributed to her termination is an issue for the trier of fact in this case. We hold merely that plaintiff's claim under the Act is not barred due to her inability to take further leave under

the Act on the day she was terminated for the past year's excessive absenteeism.

Finally, the plaintiff appeals the District Court's failure to grant summary judgment in her favor. In the previous paragraphs, we outlined the reasons we believe that a trier of fact should determine the questions surrounding the relation of plaintiff's protected and non-protected absences to her termination.

For the foregoing reasons, the decision of the District Court granting summary judgment for defendant Owens–Brockway is REVERSED and the case remanded for further proceedings. The decision of the District Court refusing to grant summary judgment in favor of the plaintiff Barbara Butler is AFFIRMED. In addition, the statute of limitations issue concerning whether Owens–Brockway's conduct was "willful" is REMANDED to the District Court for further proceedings.