Kelli Jo WILLEMSSEN, Plaintiff,

v.

THE CONVEYOR COMPANY,
Defendant.

No. C03–4081 PAZ.

United States District Court,
N.D. Iowa,
Western Division.

March 18, 2005.

Dewey P. Sloan, Jr., Dewey P. Sloan, Jr., PC, LeMars, IA, Richard H. Moeller, Berenstein, Moore, Berenstein, Heffernan & Moeller, LLP, Sioux City, IA, for Plaintiff.

Harold D. Dawson, DeKoter, Thole & Dawson, PLC, Sibley, IA, for Defendant.

### MEMORANDUM OPINION AND ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ZOSS, United States Magistrate Judge.

### I. INTRODUCTION

On August 28, 2003, Kelli Jo Willemssen ("Willemssen") filed a two-count Complaint against her former employer, The Conveyor Company ("Conveyor"). (Doc. No. 1) In Count I, Willemssen alleges Conveyor violated her rights under the Family and Medical Leave Act (the "FMLA")[1] by not providing her with leave under the Act and then firing her from her job. In Count II, she alleges she was wrongfully terminated by Conveyor in violation of Iowa common law.

On October 30, 2003, Conveyor filed an Answer, denying liability on both counts of the Complaint, and affirmatively alleging that (1) Willemssen's claims are barred by the statute of limitations; (2) her claims are barred because she failed to file this action within ninety days of the issuance of the EEOC's ruling on her claim; (3) Willemssen never notified Conveyor of a request for medical leave; (4) Willemssen was, fact, provided with the medical leave required by the FMLA; (5) Conveyor acted in good faith, and (6) Conveyor had no improper motive in terminating Willemssen, and never intended to violate the FMLA. (Doc. No. 5)

On February 2, 2004, the parties consented to jurisdiction before a magistrate judge, and on that date, Chief Judge Mark W. Bennett referred the case to the undersigned magistrate judge "for the conduct of all further proceedings and the entry of judgment in accordance with [federal law]." (Doc. No. 8)

On December 3, 2004, Conveyor filed a motion for summary judgment, statement of material facts, supporting brief, and appendix. (Doc. No. 10) On January 4, 2005, Willemssen filed a response to the motion, a cross-motion for summary judgment, and a statement of material facts. (Doc. No. 15) On January 11, 2004, Conveyor filed a reply brief and a resistance to the cross-motion for summary judgment. (Doc. No. 16)

The court has considered the submissions and arguments of the parties carefully, and turns now to discussion of the issues raised by the parties in their motions.

### II. FACTUAL BACKGROUND

Willemssen was employed by Conveyor in Sibley, Iowa, as a receptionist/adminis-

---

**1.** Title 29 U.S.C. § 2601 *et seq.*

trative assistant. She worked for Conveyor for more than one year, from August 29, 2000, until August 31, 2001, when her employment was terminated. Conveyor employs more than fifty·individuals from an area within 75 miles of Sibley. During Willemssen's employment with Conveyor, she worked more than the 1,250 hours required by the FMLA.

Willemssen missed twenty-four days of ·work on unpaid leave from August 29, 2000, to June 1, 2001. Beginning on June 1, 2001, she took unpaid leave to participate in activities with her children. She was still on unpaid leave on June 11, 2001, when she was hospitalized because of complications relating to a pregnancy. ·She gave birth to the baby prematurely on July 6, 2001. Willemssen remained on leave until August 29, 2001, when Conveyor notified her that her employment was being terminated effective August 31, 2001.[2]

Willemssen's baby was sent home from the hospital in early December 2001. Because she had to stay home to take care of the baby, Willemssen would not have been able to return to work until sometime in January 2002, more than three months after the date of her termination.

Willemssen had been on unpaid leave from June 1, 2001, to August 31, 2001, when her employment was terminated, a total of thirteen consecutive weeks. According to Conveyor, it terminated Willemssen's employment because she had been on unpaid leave for more than twelve weeks but she had never informed the company of when, if ever, she would be returning to work.

## III. STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and provides that either party to a lawsuit may move for summary judgment without the need for supporting affidavits. *See* Fed.R.Civ.P. 56(a), (b). Rule 56 further states that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). A court considering a motion for summary judgment "must view all of the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts." *Webster Indus., Inc. v. Northwood Doors, Inc.,* 320 F.Supp.2d 821, 828 (N.D.Iowa 2004) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); and *Quick v. Donaldson Co.,* 90 F.3d 1372, 1376–77 (8th Cir.1996)).

The party seeking summary judgment must " 'inform[ ] the district court of the basis for [the] motion and identify[ ] those portions of the record which show lack of a genuine issue.' " *Webster Indus.,* 320 F.Supp.2d at 829 (quoting *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir.1992), in turn citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). A genuine issue of material fact is one with a real basis in the record. *Id.* (citing *Hartnagel,* 953 F.2d at 394, in turn citing *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1356). Once the mov-

***

2. During just over one year of employment at Conveyor, Willemssen was on unpaid leave for a total of almost 18 weeks.

ing party meets its initial burden under Rule 56 of showing there is no genuine issue of material fact, the nonmoving party, "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Webster Indus.*, 320 F.Supp.2d at 829 (citing, *inter alia, Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; and *Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997)).

Addressing the quantum of proof necessary to successfully oppose a motion for summary judgment, the Supreme Court has explained that the nonmoving party must produce sufficient evidence to permit "a reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Furthermore, the Supreme Court has held the trial court must dispose of claims unsupported by fact and determine whether a genuine issue exists for trial, rather than weighing the evidence and determining the truth of the matter. *See Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510; *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53; *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356.

The Eighth Circuit recognizes that "summary judgment is a drastic remedy and must be exercised with extreme care to prevent taking genuine issues of fact away from juries." *Wabun–Inini v. Sessions*, 900 F.2d 1234, 1238 (8th Cir. 1990) (citing Fed.R.Civ.P. 56(c)). The Eighth Circuit, however, also follows the principle that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting *Celotex*,

477 U.S. at 327, 106 S.Ct. at 2555); *see also Hartnagel*, 953 F.2d at 396.

Thus, the trial court must assess whether a nonmovant's response would be sufficient to carry the burden of proof at trial. *Hartnagel*, 953 F.2d at 396 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.1990). However, if the court can conclude that a reasonable jury could return a verdict for the nonmovant, then summary judgment should not be granted. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir.1991); *Woodsmith*, 904 F.2d at 1247.

Special care must be given to summary judgment motions in employment discrimination cases. As the Honorable Mark W. Bennett explained in *Bauer v. Metz Baking Co.*, 59 F.Supp.2d 896 (N.D.Iowa 1999):

Because this is an employment discrimination case, it is well to remember that the Eighth Circuit Court of Appeals has cautioned that "summary judgment should seldom be used in employment-discrimination cases." *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994) (citing *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir.1991); *Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 364 (8th Cir. 1987), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989)); *see also Snow v. Ridgeview Medical Ctr.*, 128 F.3d 1201, 1204 (8th Cir.1997) (citing *Crawford* ); *Helfter v. United Parcel Serv., Inc.*, 115 F.3d 613, 615 (8th Cir. 1997) (quoting *Crawford* ); *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861,

862 (8th Cir.1997) ("We must also keep in mind, as our court has previously cautioned, that summary judgment should be used sparingly in employment discrimination cases," citing *Crawford* ); *Smith v. St. Louis Univ.,* 109 F.3d 1261, 1264 (8th Cir.1997) (quoting *Crawford* ); *Hardin v. Hussmann Corp.,* 45 F.3d 262 (8th Cir.1995) ("summary judgments should only be used sparingly in employment discrimination cases," citing *Haglof v. Northwest Rehabilitation, Inc.,* 910 F.2d 492, 495 (8th Cir.1990); *Hillebrand,* 827 F.2d at 364).

*Bauer,* 59 F.Supp.2d at 900–01.

■ Thus, summary judgment rarely is appropriate in employment discrimination cases, and should be granted only in " 'those rare instances where there is no dispute of fact and where there exists only one conclusion.' " *Bauer,* 59 F.Supp.2d at 901 (citing *Johnson v. Minnesota Historical Soc'y,* 931 F.2d 1239, 1244 (8th Cir. 1991); *Webb v. St. Louis Post–Dispatch,* 51 F.3d 147, 148 (8th Cir.1995) (quoting *Johnson,* 931 F.2d at 1244); *Crawford,* 37 F.3d at 1341 (quoting *Johnson,* 931 F.2d at 1244)). Judge Bennett further explained:

> To put it another way, "[b]ecause discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant." *Crawford,* 37 F.3d at 1341 (holding that there was a genuine issue of material fact precluding summary judgment); *accord Snow,* 128 F.3d at 1205 ("Because discrimination cases often turn on inferences rather than on direct evidence, we are particularly deferential to the nonmovant," citing *Crawford[,* 37 F.3d at 1341] ); *Webb v. Garelick Mfg. Co.,* 94 F.3d 484, 486 (8th Cir. 1996) (citing *Crawford,* 37 F.3d at 1341); *Wooten v. Farmland Foods,* 58 F.3d

382, 385 (8th Cir.1995) (quoting *Crawford,* 37 F.3d at 1341); *Johnson,* 931 F.2d at 1244.

*Id.*

Keeping these standards in mind, the court now will address the parties' cross-motions for summary judgment.

## IV. LEGAL ANALYSIS

### A. Termination of Employment in Violation of the FMLA

Willemssen claims Conveyor violated the FMLA when it terminated her employment without allowing her to take twelve weeks of leave under the FMLA. Conveyor responds that Willemssen was allowed to take almost eighteen weeks of leave during her first year of employment, much more than the twelve weeks of leave required by the FMLA. Willemssen responds that the leave she took during her first year of employment was not FMLA leave because she was not yet eligible for leave under the FMLA. 29 U.S.C. § 2611 ("The term "eligible employee" means an employee who has been employed ... for at least 12 months ....") She argues she was entitled to twelve weeks of FMLA leave *after* her one-year employment anniversary on August 29, 2001. Instead, she was terminated on August 31, 2001, just after she was qualified to begin receiving FMLA leave but before she had received any FMLA leave.

"The FMLA was the culmination of several years of negotiations in Congress to achieve a balance that reflected the needs of both employees and their employers. While recognizing employees' need for job security at the times when they most needed time off from work, Congress, in enacting the FMLA, also took employers' legitimate prerogatives into account." *Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1119–20 (9th Cir.2001) The

Eighth Circuit Court of Appeals summarized the major provisions of the FMLA in *Ragsdale v. Wolverine Worldwide, Inc.*, 218 F.3d 933 (8th Cir.2000), as follows:

> Subchapter I of the FMLA sets forth the FMLA's substantive provisions. An employee is eligible for FMLA leave if she has worked for a covered employer [footnote omitted] for at least 1,250 hours during the preceding twelve months. *See* 29 U.S.C. § 2611(2)(A)(ii). The FMLA provides that an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve-month period for one or more of the following reasons: (1) the birth of the employee's child, (2) the placement of a child with the employee for adoption or foster care, (3) taking care of certain relatives with "serious health condition[s]," and (4) when the employee herself cannot "perform the functions" of her position because she suffers from a "serious health condition." *See* 29 U.S.C. § 2612(a)(1). After an employee has taken FMLA leave, the employee is entitled to full restoration of her prior position or restoration to an "equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

*Ragsdale*, 218 F.3d at 936. To be an "eligible employee," the employee must be employed by her employer for at least twelve months. 29 U.S.C. § 2611.

The question here boils down to whether Willemssen's eligibility for coverage under the twelve-month requirement of the FMLA should be determined as of the date on which she first took the leave in question (*i.e.*, either June 1, 2001, or June 11, 2001 [3]), or as of the date on which she was terminated (*i.e.*, August 31, 2001).[4] If the applicable date is the former, Willemssen would not have been an eligible employee under the FMLA because she had not yet fulfilled the twelve-month requirement. On the other hand, if the applicable date is the latter, she would have been an eligible employee because she had satisfied the twelve-month requirement.

■ According to the regulations, the determination of whether an employee is eligible for the protections of the FMLA must be made "as of the date leave commences." 29 C.F.R. § 825.110(d). The court cannot find a case directly in point, but the Eighth Circuit Court of Appeals restated this principle in dicta in *Moore v. Payless Shoe Source, Inc.*, 139 F.3d 1210, 1213 (8th Cir.1998), *vacated on other grounds by Moore v. Payless Shoe Source, Inc.*, 526 U.S. 1142, 119 S.Ct. 2017, 143 L.Ed.2d 1029 (1999). In deciding when eligibility under the 1250–hour requirement is to be determined, the court held an "eligible employee" is one who has accrued the requisite number of hours during the twelve months "prior to the commencement of leave." *Id. See Butler v. Owens–Brockway Plastic Prods.*, 199 F.3d 314, 316 (6th Cir.1999) (determination of

---

**3.** Because Willemssen never gave Conveyor any notice concerning her leave after she requested, and was granted, leave to participate in activities with her children beginning June 1, 2001, the date she would have begun FMLA leave, if eligible, is not entirely clear. It would seem that leave under the FMLA would have commenced on June 11, 2001, when she was hospitalized for complications of pregnancy.

Because of the approach taken by the court to the cross-motions for summary judgment, issues arising from the fact that Willemssen never gave Conveyor the notice required by 29 U.S.C. § 2612(e) are not addressed in this opinion.

**4.** Conveyor concedes that the plaintiff met the 1250–hour requirement.

whether employee has worked for employer at least 1250 hours in past twelve months must be made as of date leave commences); *Duckworth v. Pratt & Whitney,* 152 F.3d 1, 8 (1st Cir.1998) ( employee must be eligible at time of leave, rather than at time of adverse action); *but cf. Ruder v. MaineGeneral Medical Center,* 204 F.Supp.2d 16, 18–20 (D.Maine 2002) (unused vacation time can be counted towards twelve-month eligibility threshold for FMLA purposes).

 Because Willemssen was not an "eligible employee" on the date her leave commenced, she was not entitled to the protections of the FMLA even though the leave extended beyond the end of the twelve-month eligibility period. Accordingly, Conveyor did not act contrary to the FMLA when it terminated her employment based on the taking of excessive leave because none of the leave was covered by the FMLA. The FMLA "is not implicated and does not protect an employee against disciplinary action based upon [ ] absences" if those absences are not covered by the Act. *Rankin v. Seagate Techs., Inc.,* 246 F.3d 1145, 1147 (8th Cir. 2001).

Conveyor's motion for summary judgment therefore is **granted** on Count I, and Willemssen's FMLA claim is dismissed.

### B. Willemssen's Common Law Claim

 Willemssen claims Conveyor fired her in violation of Iowa common law. Neither party advances any argument on this claim. It appears that the basis of the claim, *i.e.,* that Willemssen's termination was wrongful because it was in retaliation for her assertion of rights protected by the FMLA, cannot survive the court's ruling on her FMLA claim.

Accordingly, Conveyor's motion for summary judgment is **granted** on this claim, as well.

### IV. CONCLUSION

Based upon the foregoing analysis, Conveyor's motion for summary judgment (Doc. No. 10) is **granted**, Willemssen's cross-motion for summary judgment is **denied**, and this case is dismissed in its entirety.

**IT IS SO ORDERED.**