# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2126EA

_____

Shanna McCoy,                             *
                                          *  On Appeal from the United
                 Appellant,               *  States District Court
                                          *  for the Eastern District
        v.                                *  of Arkansas.
                                          *
Metropolitan National Bank,               *  [Not To Be Published]
                                          *
                 Appellee.                *

_____

Submitted: February 2, 2001

Filed: February 9, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Shanna McCoy, an African-American/American Indian diagnosed with cerebral palsy, brought this employment discrimination action against her former employer, Metropolitan National Bank (Metropolitan), alleging Metropolitan discharged her based on her disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213, and discriminated against her because of her race, in violation of Title VII of the Civil Rights Act of 1993, 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act. McCoy alleged that Metropolitan failed to accommodate her disabilities (which she claimed included carpal tunnel syndrome and hearing loss), terminated her after she was absent from work

because of medical problems that were exacerbated by her cerebral palsy, treated her differently from similarly situated white employees, and subjected her to a hostile work environment.  The District Court[1] granted summary judgment to Metropolitan, and McCoy appeals.  We affirm.

We conclude that McCoy did not make a prima facie case of disability discrimination, because she did not show she was qualified for her position.[2]  See Moore v. Payless Shoe Source, Inc., 187 F.3d 845, 848 (8th Cir. 1999) (employee who is absent from work on regular basis is unable to satisfy any functions of job in question, much less essential function); Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1206 (8th Cir. 1997) (prima facie elements).  McCoy did not otherwise show that Metropolitan discriminated against her by failing to accommodate a disability, because she did not produce any evidence that her hearing problems and carpal tunnel syndrome constituted disabilities that substantially limited major life activities.  See 42 U.S.C. §§ 12112(b)(5)(A)-(B), 12111(8), 12102(2).

McCoy did not establish a prima facie case of race discrimination, see Hill v. St. Louis Univ., 123 F.3d 1114, 1119 (8th Cir. 1997) (prima facie elements), because she did not show that similarly situated employees were treated differently, see Palesch v. Missouri Comm'n on Human Rights, 233 F.3d 560, 568 (8th Cir. 2000) (in discriminatory-discipline claims, employees are similarly situated if they are involved in or accused of same offense and disciplined in different ways).  As to McCoy's hostile-work-environment claim, we find McCoy did not show that the incidents of

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

[2]Cases under the Arkansas Civil Rights Act follow the same burden-shifting framework as Title VII cases, and this circuit has held that the Arkansas Supreme Court would consider analogous federal ADA decisions in deciding disability cases under the Act.  See Greer v. Emerson Elec. Co., 185 F.3d 917, 920-21 (8th Cir. 1999).

which she complained were so "severe or pervasive" as to create an abusive working environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 23 (1993) (conduct must be sufficiently severe or pervasive to create objectively hostile work environment; factors include frequency and severity of discriminatory conduct, whether it is physically threatening or humiliating, or mere offensive utterance, and whether it unreasonably interferes with employee's work performance).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.